Danilo NESOVIC, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 94–55128.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1995.

Decided Dec. 8, 1995.

A. LaVar Taylor, Santa Ana, California, for plaintiff-appellant.

Gary R. Allen, Janet A. Bradley, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: BEEZER and TROTT, Circuit Judges, and SHUBB,* District Judge.

TROTT, Circuit Judge:

Danilo Nesovic sued the United States under 28 U.S.C. § 2410(a) to quiet title to property against which the IRS had obtained a lien. His suit was dismissed by the district court for his failure to file it within the general six-year statute of limitations found in 28 U.S.C. § 2401(a). We have jurisdiction over his timely appeal under 28 U.S.C. § 1291, and we affirm.

## Background

On June 18, 1985, Mr. Nesovic voluntarily filed for Chapter 11 bankruptcy. Seven weeks later, he filed his federal income tax returns for the years 1977 through 1983. In the latter part of 1985, while Mr. Nesovic's bankruptcy was pending, the Internal Revenue Service ("IRS") assessed taxes for those years, added penalties and interest, and sent him several notices and demands for payment. *See* 26 U.S.C. §§ 6203, 6303(a) ("IRC"). The Service did so in accord with the Bankruptcy Court's Local Rule of Practice 4001–10, a rule that authorized the IRS to assess voluntarily filed tax returns and to offset any taxes due the United States against any refund due a debtor.[1] Mr. Nesovic did not respond. The IRS waited until his bankruptcy was dismissed, and then, on March 31, 1988, recorded a Notice of Federal Tax Lien with the San Diego County Recorder's Office.[2]

On May 26, 1993, Mr. Nesovic filed suit against the United States in the district court under 28 U.S.C. § 2410(a) seeking *inter alia* to quiet title to his property against which the United States claimed a lien. Relying on *In re Schwartz*, 954 F.2d 569 (9th Cir.1992), Mr. Nesovic argued that the liens on his property were procedurally void because several necessary steps taken by the IRS were done in violation of the automatic stay in effect while he was in bankruptcy. *See* 11 U.S.C. § 362(a). The district court never reached the merits of Mr. Nesovic's case. Instead, on September 28, 1993, it granted the United States' motion to dismiss. The court ruled that quiet title actions brought against the United States under § 2410(a) are governed by the general six-year catchall limitation period in 28 U.S.C. § 2401(a). It further ruled that Mr. Nesovic's claims accrued in 1985, when his taxes were assessed. Because he did not file his action until more than seven years later, the district court concluded that it was barred by § 2401(a).

## Analysis

As a sovereign, the United States is immune from suit without its consent, and the terms of its consent when granted define and circumscribe our jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). "The applicable statute of limitations is a term of consent. The failure to sue the United States within the period of limitations is not

---

* The Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation.

1. We express no opinion regarding the validity of the Bankruptcy Court's Local Rule of Practice 4001–10.

2. The total unpaid balance at that time was $89,-711.07.

simply a waivable defense; it deprives the district court of jurisdiction to entertain the action." *Sisseton–Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir.), *cert. denied*, 498 U.S. 824, 111 S.Ct. 75, 112 L.Ed.2d 48 (1990); *see United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986) ("In particular, '[w]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity.'" (quoting *Block v. North Dakota*, 461 U.S. 273, 278, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983))). Moreover, because such statutes function as jurisdictional conditions, they must be "strictly construed." *Spannaus v. United States Dep't. of Justice*, 824 F.2d 52, 55 (D.C.Cir.1987) (applying 28 U.S.C. § 2401(a) to FOIA, 5 U.S.C. § 552(a)(4)(B) (1982)).

Thus, if 28 U.S.C. § 2410, which is silent on this issue, is subject to a statute of limitations, and if Mr. Nesovic failed without justification to bring his lawsuit within the prescribed period, we are without jurisdiction to hear his claims.

■ 28 U.S.C. § 2401(a) is the catchall statute of limitations provision. It says in relevant part that "... every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Mr. Nesovic argues that this section does not apply to actions filed under § 2410(a). We disagree.

■ The words "every civil action" must be interpreted to mean what they say.[3] In the words of the Supreme Court, "[c]ourts must presume that a legislature says in a statute what it means and means in a statute what it says." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). In our view, the D.C. Circuit was correct when it held that "§ 2401(a) applies to all civil actions whether legal, equitable or mixed." *Spannus*, 824 F.2d at 55. Accordingly, we hold that lawsuits brought against the United States under § 2410(a) to quiet title are subject to the statute of limitations found in § 2401(a).

■ Mr. Nesovic all but concedes that a lien against his property arose when it was assessed in 1985, and in fact, we have already so indicated: "A federal tax lien attaches to a taxpayer's property when unpaid taxes are assessed...." *United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1330 (9th Cir. 1990) (discussing §§ 6321, 6322). In addition, he effectively concedes that timely notices and demands for payment were properly sent to him as required by IRC § 6303(a).

Thus, because Mr. Nesovic's lawsuit is a civil action against the United States, and because it was not filed within six years after his right of action, if any, "first accrue[d]," it is barred, *unless* he can find a recognized reason to avoid this result. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (principles of equitable tolling and estoppel may relieve a litigant's failure to file against the government within the statutory filing deadline). In this respect, he tenders three theories.

■ The first is predicated on the "continuing wrong" doctrine, a doctrine defined by this Circuit as involving "repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices." *Sisseton–Wahpeton Sioux Tribe*, 895 F.2d at 597. Here, however, the wrong complained of was a single act, i.e., the assessment, which in turn created the lien and caused the harm. In essence, what Mr. Nesovic attempts to characterize as a continuing wrong is only the "ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981). Thus, this theory does not save him from the six-year statute.

■ Second, Mr. Nesovic claims the statute did not begin to run until the IRS recorded in 1988 its notice of a federal tax lien. He cites no authority for this proposition, and

---

**3.** An exception to this rule arises when a literal interpretation would produce an absurd result. *See Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 527, 109 S.Ct. 1981, 1994, 104 L.Ed.2d 557 (1989) (Scalia, J., concurring). This exception does not apply to this case.

because it flies directly in the face of §§ 6321 and 6322 providing that the lien attaches "when unpaid taxes are assessed," we reject it. *See Wind River Mining Corp. v. United States,* 946 F.2d 710, 716 (9th Cir.1991) ("[A] challenge must be brought within six years of the agency's application of the disputed decision to the challenger.").

Third, he argues we should deem the statute tolled because it "was not clear" until we decided *Schwartz* that an assessment in violation of 11 U.S.C. § 362, the automatic stay provision, is void rather than voidable. *In re Schwartz,* 954 F.2d at 571. His argument is that it was not appropriate to start the limitations clock until the possible merit of his lawsuit became manifest. Again, however, Mr. Nesovic cites no authority for this proposition. Moreover, tolling is an equitable doctrine, and he admits he "did not earnestly consider bringing a lawsuit prior to 1992 because of the financial and time demands of his business...." Accordingly, we reject his attempt to avail himself of this doctrine.

## Conclusion

Mr. Nesovic's civil action against the government is time barred.

AFFIRMED.