125 F.3d 765
 38 Fed.R.Serv.3d 1532, Medicare & Medicaid Guide P 45,621,
97 Cal. Daily Op. Serv. 7269,
97 Daily Journal D.A.R. 11,753
 CEDARS-SINAI MEDICAL CENTER; University of California San
Francisco Medical Center; University of California Los
Angeles Medical Center; University of California San Diego
Medical Center; Adventist Health System/Sunbelt, Inc.,
d/b/a Florida Hospital Medical Center; Galen of Arizona,
Inc., D/B/A Healthwest Regional Medical Center; Holy Cross
Hospital; Johns Hopkins Hospital; et al., Plaintiffs-Appellees,
v.
Donna E. SHALALA, Secretary, Defendant,
v.
QUI TAM RELATOR, Defendant-Appellant.
CEDARS-SINAI MEDICAL CENTER; University of California San
Francisco Medical Center; University of California Los
Angeles Medical Center; University of California San Diego
Medical Center; Adventist Health System/Sunbelt, Inc., dba
Florida Hospital Medical Center; Allegheny General
Hospital; Galen Of Arizona, Inc., dba Healthwest Regional
Medical Center; Holy Cross Hospital; Johns Hopkins
Hospital; Loma Linda University Medical Center Hospital;
Medlantic Healthcare Group, Inc., a not-for-profit
corporation dba Washington Hospital Center; Miami Beach
Healthcare Group, Ltd., dba Miami Heart Institute;
Monte-Fiore Medical Center; Mount Sinai Hospital; Society
Of The New York Hospital; Northwestern Memorial Hospital;
Presbyterian University Hospital; St. Francis Hospital;
Saint Joseph'S Hospital of Atlanta, Inc.; St. Luke's
Medical Center; St. Thomas Hospital; Sinai Samaritan
Medical Center; West Florida Regional Medical Center, Inc.,
dba West Florida Regional Medical Center; University of
Maryland Medical System Corporation; Yale-New Haven
Hospital, Inc.; Regents of the University of California, a
constitutional corporation under Article 9, Section 9 of the
California Constitution, by and on behalf of the University
of California San Francisco Medical Center, the University
of California Los Angeles Medical Center, the University of
California San Diego Medical Center, Plaintiffs-Appellees,
and
Scripps Health Systems, dba Scripps Memorial Hospital-La
Jolla, dba Green Hospital of Scripps Clinic; Qui
Tam Relator, Intervenors,
v.
Donna E. SHALALA, Secretary, of the United States Department
of Health and Human Services, Defendant-Appellant.
 Nos. 96-55358, 96-55892.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided Sept. 10, 1997.
 
 Christine N. Kohl, Assistant United States Attorney, Department of Justice, Washington, DC, for the defendant-appellant.
 Donald R. Warren, Monaghan & Warren, San Diego, CA, for the defendant-appellant.
 Harry R. Silver, Carol M. McCarthy and Leonard C. Homer, Ober, Kaler, Grimes & Shriver, Baltimore, MD, for the plaintiffs-appellees.
 Appeals from the United States District Court for the Central District of California. John G. Davies, District Judge, Presiding. D.C. No. CV-95-02902-JGD.
 Before BROWNING and SCHROEDER, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.*
 SCHROEDER, Circuit Judge.
 
 
 1
 The Secretary of Health and Human Services appeals the district court's summary judgment in favor of Cedars-Sinai Medical Center and twenty-four other hospitals ("the Hospitals") in the Hospitals' declaratory judgment action challenging a 1986 Health Care Financing Administration ("HCFA") policy. The challenged policy provides that Medicare will not cover investigational medical devices that have not been approved for marketing by the Food and Drug Administration. The Hospitals claim, and the district court held, that the policy is invalid because it was not issued in accordance with the rulemaking requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553.
 
 
 2
 A qui tam relator ("the Relator"), who is the plaintiff in a False Claims Act (31 U.S.C. § 3729) case in the federal district court in Seattle, appeals the district court's denial of his motion to intervene and dismiss this action. In the qui tam action, which is under seal, the Relator alleges that 130 hospitals knowingly submitted false claims for payment to Medicare and Medicaid seeking reimbursement for non-FDA-approved medical devices, which are barred from Medicare coverage under the 1986 HCFA policy. The Relator argues that this declaratory action is an attempt by the Hospitals to forum-shop, and that the validity of the 1986 amendment should be litigated in the Seattle qui tam action, which was filed first.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's denial of the Relator's motion to intervene and to dismiss. We remand the case to the district court for the limited purpose of considering whether the Hospitals' claim is barred by the six-year statute of limitations codified at 28 U.S.C. § 2401(a).I. The Qui Tam Relator's Motion to Intervene and to Dismiss
 
 A. Intervention
 
 4
 The Relator seeks to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2). The denial of a motion to intervene as a matter of right is reviewed de novo. See Waller v. Financial Corp. of Am., 828 F.2d 579, 582 (9th Cir.1987).
 
 
 5
 Under this court's established test, a party may intervene as a matter of right if it meets four criteria:
 
 
 6
 (1) The party's motion must be timely; (2) the party must assert an interest relating to the property or transaction which is the subject of the action; (3) the party must be so situated that without intervention the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the party's interest must be inadequately represented by the other parties.
 
 
 7
 Waller, 828 F.2d at 582 (citation omitted); Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir.1983) (citations omitted).
 
 
 8
 As the district court correctly reasoned, the Relator's claim founders on the fourth prong. The only issue to be decided on the merits of this action is the validity of the 1986 HCFA policy, and on that issue the interest of the Relator is identical to that of the Secretary: that the validity of the policy be upheld. The Secretary is capable of adequately representing her interest in defending her own policy. The Relator has failed to show any interest distinct from that of the United States, that the United States will not adequately represent. See Hopwood v. Texas, 21 F.3d 603, 605-06 (5th Cir.1994). This is so especially because a qui tam plaintiff by definition asserts not his own interests, but only those of United States. See United States ex rel. Hyatt v. Northrop Corp., 91 F.3d 1211, 1215 (9th Cir.1996) ("[Q]ui tam plaintiffs are merely agents suing on behalf of the government, which is always the real party in interest."); United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Ctr., 961 F.2d 46, 49 (4th Cir.1992) ("The relator has no personal stake in the damages sought-all of which, by definition, were suffered by the government.").
 
 
 9
 Arguing that he does have an interest distinct from the government's, the Relator cites our statement in United States ex rel. Kelly v. Boeing Co., 9 F.3d 743 (9th Cir.1993), that a qui tam plaintiff's interest in his potential bounty and in the costs expended on litigation gives him a personal stake in the case. See id. at 749; see also United States ex rel. Robinson v. Northrop Corp., 824 F.Supp. 830, 834-35 (N.D.Ill.1993) (recognizing a plaintiff's interest in working for an honest business and being free from the dilemma of either participating in fraud or suffering reprisal). Kelly and Robinson, however, concerned not intervention, but Article III standing. In both cases the court recognized that the injury suffered in a False Claims Act case is injury to the federal treasury, and that qui tam plaintiffs, for purposes of the injury requirement of standing, have been authorized by Congress to sue based on the government's loss. See Kelly, 9 F.3d at 748; Robinson, 824 F.Supp. at 836. The recognition in Kelly and Robinson of qui tam plaintiffs' personal interests in the litigation was to support the proposition that qui tam plaintiffs have incentive to litigate their cases zealously and thereby present the issues sharply and in an adversary context, as Article III requires. See Kelly, 9 F.3d at 749; Robinson, 824 F.Supp. at 836. Those cases do not hold that qui tam plaintiffs have any interests so distinct from those of the government that they will support intervention.
 
 
 10
 Because the Relator does not assert any interest not adequately represented by the United States, the Relator had no right to intervene under Fed.R.Civ.P. 24(a).[1]
 
 B. Dismissal Under the "First to File" Rule
 
 11
 Although the district court denied the Relator's motion to intervene in the merits of the case, it went on also to consider and deny the Relator's motion to dismiss. The district court thus effectively granted intervention for the limited purpose of considering that motion. The district court correctly denied the motion.
 
 
 12
 The Relator argues the district court should have dismissed the Hospitals' declaratory action under the "first to file" rule. Under that rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. See Alltrade, Inc. v. Uniweld Products, 946 F.2d 622, 625, 628-29 (9th Cir.1991); Pacesetter Sys. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir.1982); see generally Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84, 72 S.Ct. 219, 221-22, 96 L.Ed. 200 (1952).
 
 
 13
 The district court correctly decided that the issues in this case and the Seattle qui tam case are different. The issue in this declaratory action is whether the HCFA's 1986 rule was validly promulgated. The issue in the Seattle qui tam case is whether any of the Hospitals knowingly submitted false claims for payment. Because these issues are distinct, the requirement of identity of the issues is not met, and the first-to-file rule is inapplicable.
 
 
 14
 The Relator complains that the Hospitals are merely forum-shopping. He argues that the Hospitals are trying to preempt the qui tam action by seeking invalidation of the 1986 rule in a favorable forum, and that they intend to use the invalidation of the rule as a defense in the False Claims Act case. The Relator cites an Eighth Circuit case for the proposition that a district court exercising its discretion under the Declaratory Judgment Act should dismiss a declaratory judgment action when it has been brought only for the purpose of establishing an affirmative defense in an action pending elsewhere. See BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir.1995).
 
 
 15
 Even if the Hospitals succeed in having the rule declared invalid, however, that will be no defense to the Relator's claims under the False Claims Act. See United States v. Weiss, 914 F.2d 1514, 1522-23 (2d Cir.1990) (holding that the fact that a Medicare Manual provision requiring filing of statements had not undergone statutorily required approval procedures was no defense to charge of filing false statements). If the Hospitals did indeed knowingly submit false claims in order to receive payment for devices not covered under the 1986 rule, the invalidity of the rule will be no defense. See Bryson v. United States, 396 U.S. 64, 68, 90 S.Ct. 355, 358, 24 L.Ed.2d 264 (1969) ("One who elects [fraud] as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is [invalid].") (quoting Dennis v. United States, 384 U.S. 855, 867, 86 S.Ct. 1840, 1847, 16 L.Ed.2d 973 (1966)).
 
 
 16
 Because the issues in the two actions are distinct, the district court did not abuse its discretion in refusing to dismiss the declaratory action.
 
 II. Statute of Limitations
 
 17
 The Secretary contends that the Hospitals' claim is barred by the six-year statute of limitations codified at 28 U.S.C. § 2401(a). See Wind River Min. Corp. v. United States, 946 F.2d 710, 713 (9th Cir.1991) (§ 2401(a) limitations period applicable to actions for judicial review of agency regulations under the APA); Sierra Club v. Penfold, 857 F.2d 1307, 1315 (9th Cir.1988) (same). She argues that the Hospitals' cause of action accrued in 1986, upon the issuance of the challenged Medicare Manual amendment, see Wind River, 946 F.2d at 714-15; Shiny Rock Min. Corp. v. United States, 906 F.2d 1362, 1364-66 (9th Cir.1990); Penfold, 857 F.2d at 1316, and that therefore the Hospitals' action, commenced eight years later, is barred.
 
 
 18
 The Hospitals make two responses. First, they argue that the Secretary waived the statute of limitations argument in the district court. In the alternative, they argue that their cause of action did not accrue until 1994, and that accordingly they filed within the six-year limitations period. The district court did not address any statute of limitations issue.
 
 A. Waiver
 
 19
 The Secretary did not rely on the statute of limitations in her opposition to the Hospitals' motion for summary judgment or in her motion to dismiss or its supporting memorandum. The Secretary presented her statute of limitations argument to the district court only in her reply memorandum in support of her motion to dismiss. The Hospitals argue that by not raising this affirmative defense in a responsive pleading, in her response to the Hospitals' motion for summary judgment, or when she filed her motion to dismiss, the Secretary has waived the issue.
 
 
 20
 The Secretary responds that the limitations period is jurisdictional, and cannot be waived. The Secretary relies on Nesovic v. United States, 71 F.3d 776 (9th Cir.1995), wherein we stated that " '[t]he failure to sue the United States within the period of limitations is not simply a waivable defense; it deprives the district court of jurisdiction to entertain the action.' " Id. at 777-78 (quoting Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 592 (9th Cir.1990)). We further stated that "if [Plaintiff] failed without justification to bring his lawsuit within the prescribed period, we are without jurisdiction to hear his claims." Id. at 778.
 
 
 21
 Waiver, however, was not an issue in Nesovic, because in that case the government had successfully asserted the limitations defense in the district court. See id. at 777. The court's discussion of the waivability of the defense was therefore not addressed to any issue similar to the one before us. Moreover, in Nesovic the court recognized that the limitations bar was not absolute, but rather had limited, recognized exceptions. See id. at 778 (citing Irwin v. Department of Veterans Affs., 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). The court held that Nesovic was time-barred only because he had not made out an exception to the limitations bar. See id. at 778-79.
 
 
 22
 That holding is in accord with other Ninth Circuit opinions, issued after the Supreme Court's decision in Irwin, in which we recognized that limitations periods for suing the federal government are not strictly jurisdictional. See Fadem v. United States, 52 F.3d 202, 206 (9th Cir.1995), vacated, --- U.S. ----, 117 S.Ct. 1103, 137 L.Ed.2d 306 (1997), reinstated, 113 F.3d 167, 168 (9th Cir.1997); Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir.1993); Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir.1993). In Washington, we said that "[i]n [Irwin ], the Supreme Court held that federal statutory time limitations on suits against the government are not jurisdictional in nature." Washington, 10 F.3d at 1437. And in Fadem, we relied on our interpretation in Washington to hold that federal statutes of limitations are not jurisdictional. See Fadem, 52 F.3d at 206. We further held that earlier statements that statutes of limitations are jurisdictional in nature "have no continuing validity after the Court's decision in Irwin." Id.
 
 
 23
 The decisions in Irwin, Washington, and Fadem do not mean that no limitations period on suing the federal government may ever be jurisdictional. Congress can create a strictly jurisdictional limitations period if it wishes. See Irwin, 498 U.S. at 96, 111 S.Ct. at 457. But where the language of a statute of limitations does not speak of jurisdiction, but erects only a procedural bar, the Supreme Court has stated that recognition of traditional exceptions such as equitable tolling, waiver, and estoppel does little to broaden the congressional waiver of sovereign immunity, and "is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation." Irwin, 498 U.S. at 95, 111 S.Ct. at 457; accord Fadem, 52 F.3d at 206; see also Irwin, 498 U.S. at 94, 111 S.Ct. at 457 (" 'we must be careful not to assume the authority to narrow the waiver that Congress intended, or construe the waiver unduly restrictively' ") (quoting Bowen v. City of New York, 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986)). Because the statute of limitations codified at 28 U.S.C. § 2401(a) makes no mention of jurisdiction but erects only a procedural bar, see id. ("every civil action commenced against the United States shall be barred unless the complaint is filed within six years"), we hold that § 2401(a)'s six-year statute of limitations is not jurisdictional, but is subject to waiver. See Irwin, 498 U.S. at 95, 111 S.Ct. at 457 (quoting similar statute of limitations at issue in Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957)); see also Calderon v. United States District Court for the Central Dist. of Cal., 112 F.3d 386, 390-91 (9th Cir.1997) (noting that the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations "is phrased only as a 'period of limitation,' and 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts,' " and concluding that the one-year period is "a statute of limitations subject to equitable tolling, not a jurisdictional bar.").
 
 
 24
 Although the statute of limitations may be waived by the Secretary, whether it was waived in this case is a different issue. Because the district court was silent on the statute of limitations, we cannot tell whether the district court rejected the Secretary's defense, viewed it as waived, or overlooked it. Accordingly, we remand to the district court to decide whether the Secretary has waived the limitations defense.
 
 B. Whether the Action is Barred
 
 25
 If the district court decides the defense was not waived, it must decide whether the action is barred. With respect to this issue, the Hospitals claim on appeal that the 1986 Medicare Manual amendment lacked the requisite finality for a cause of action to accrue, because the amendment was not published in the Federal Register. Furthermore, they claim that the 1986 rule was ambiguous, because it was not clear that "approved for marketing," as used in the Manual provision, meant FDA pre-marketing approval, see 21 U.S.C. §§ 360c(a)(1)(C), 360e, & 360j(a), as opposed to limited approval for shipment under the Investigational Device Exemption, 21 U.S.C. § 360j(g); 21 C.F.R. § 812.1(a). Because Medicare continued to pay for investigational medical devices after the issuance of the 1986 provision, the Hospitals argue that they were justified in thinking either that the rule had the latter meaning, or that the rule was only tentative and not finally enforceable. The Hospitals contend it was not until 1994, when the Secretary began to enforce the 1986 provision, that their cause of action accrued.
 
 
 26
 We are not certain that the record supporting the parties' positions regarding the 1986 policy and the parties' understandings of its meaning and finality were fully developed in the district court. The district court should on remand afford the parties the opportunity to file supplemental memoranda and supporting documentation on the limitations issue if it determines that issue is properly before the court.
 
 Conclusion
 
 27
 The district court's order in No. 96-55358 is AFFIRMED. The case in No. 96-55892 is REMANDED to the district court for the limited purpose of ruling on the statute of limitations issues. The parties are directed to report on the status of those proceedings within 60 days after the issuance of our limited remand mandate. This panel retains jurisdiction over the appeal.
 
 
 28
 No. 96-55358 AFFIRMED.
 
 
 29
 No. 96-55892 REMANDED.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 [1]
 The Relator has not sought permissive intervention under Fed.R.Civ.P. 24(b)