R.App. P. 34(a)(2).

Edwin **GOTTLIEB**, Plaintiff–Appellant,

v.

**INTERNAL REVENUE SERVICE**,
Defendant–Appellee.

No. 99–56273.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.*

Decided Feb. 13, 2001.

Before LEAVY, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Appellant Edwin Gottlieb appeals the district court's dismissal of his claims under 26 U.S.C. §§ 7432 and 7433 as time-barred. This court has jurisdiction to review the district court's final order under 28 U.S.C. § 1291. We affirm.

Because the parties are familiar with the facts, we will not set them out in detail. On appeal, Gottlieb concedes that his claim under § 7432, relating to the IRS's wrongful failure to release the tax liens, is barred by statute of limitations. However, he contends that the IRS's repeated refusal to acknowledge that Gottlieb is "off the hook" for the settled tax liabilities constitutes a "continuing wrong", tolling the two year limitations period under § 7433. We disagree.

Section 7433(d)(3) clearly provides that claims arising from the IRS's wrongful collection activities "may be brought only within 2 years after the date of the right of action accrues." As the district court correctly explained, Gottlieb's claim accrued once he "had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1(g)(2). Accordingly, we agree with the district court that Gottlieb's claim accrued, at the latest, on November 7, 1995, the date on which the IRS responded unfavorably to his request for administrative relief.

To toll the limitations period under the "continuing wrong" doctrine, Gottlieb must establish that the IRS engaged in repeated collection efforts, occurring after November 7, 1995. *See Nesovic v. United States,* 71 F.3d 776, 778 (9th Cir.1995). However, contrary to Gottlieb's counsel's assertions,[1] the record does not demonstrate that the IRS engaged in any collection activities after November 7, 1995. Thus, the district court correctly held that Gottlieb's claim, filed on December 1, 1998, was barred by the two-year statute of limitations under § 7433.

Alternatively, Gottlieb argues that the six-year statute of limitations under 28 U.S.C. § 2401(a) applies. We disagree. In the absence of a separate statute imposing its own limitations period, § 2401(a) requires that all civil actions against the United States be brought within six years. However, Gottlieb brought his claim under § 7433, and therefore its two-year limitations period applies.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Gottlieb argues that the tax lien releases, dated January 26, 1998, "still contain a statement that the settled tax year's tax liability is still owing." The releases say nothing of the kind. To the contrary, the lien releases conclusively establish that the referenced tax liabilities for 1988, 1989, and 1990 have been satisfied.