In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3489

ORVILLE MACKLIN,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99 C 1344—**J.P. Stadtmueller**, *Chief Judge.*

ARGUED JUNE 3, 2002—DECIDED AUGUST 13, 2002

Before BAUER, RIPPLE and KANNE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* On November 16, 1999, Orville
Macklin ("Mr. Macklin") filed this quiet title action against
the United States. Mr. Macklin challenged the validity of
a federal tax lien that the Internal Revenue Service ("IRS")
had recorded against his property during August 1993.
The United States moved to dismiss the action, submit-
ting that Mr. Macklin had failed to file his claim within
the applicable statute of limitations period. The district
court agreed and granted the Government's motion. For
the reasons set forth in the following opinion, we affirm
the judgment of the district court.

I

## BACKGROUND

In July 1991, the IRS imposed a sizable tax assessment against Mr. Macklin's son, Gerald Macklin ("Gerald"). When the taxes remained unpaid in 1993, the IRS proceeded to federal court and obtained a ruling that reduced the assessment to judgment. Soon after, the IRS concluded that Gerald held a property interest in a parcel of land located in Waukesha County, Wisconsin ("Waukesha property").[1] Notably, Mr. Macklin, Gerald's father, purported to be the sole owner of the Waukesha property.

On August 6, 1993, the IRS filed a notice of a nominee tax lien[2] against the Waukesha property in the Register of Deeds' Office for Waukesha County, Wisconsin. Filed on IRS Form 668, the notice not only identified the taxpayer as "Orville Macklin, nominee of Gerald Macklin" but also set forth the street address of the Waukesha property. In a letter dated August 16, 1993, the IRS informed Mr. Macklin of this action. A copy of the nominee lien was enclosed with the letter. In the years that followed, Mr. Macklin demanded on several occasions that the IRS remove the tax lien. The IRS denied his requests.

On November 16, 1999, over six years after the IRS recorded the lien, Mr. Macklin filed this action against the United States. The complaint, which contained no jurisdictional statement, alleged that the tax lien against

---

[1] The record does not reveal how the IRS reached this conclusion.

[2] In the case of a nominee lien, the IRS proceeds "against an alter ego or nominee of a delinquent taxpayer for the purposes of satisfying the taxpayer's obligations." *United States v. Letscher*, 83 F. Supp. 2d 367, 375 (S.D.N.Y. 1999).

the Waukesha property was invalid.[3] As such, Mr. Macklin requested that the lien be stricken from the records of the Register of Deeds' Office.

Construing Mr. Macklin's claim as an action pursuant to 28 U.S.C. § 2410—a provision waiving the Government's sovereign immunity to certain quiet title actions—the United States moved to dismiss the complaint. According to the Government, Mr. Macklin had failed to bring his action within what it deemed the applicable six-year statute of limitations period, 28 U.S.C. § 2401(a). The Government emphasized that this latter provision conditioned the waiver of sovereign immunity found in § 2410 and barred all civil actions against the United States "unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). In the Government's estimation, Mr. Macklin had failed to comply with this requirement, thereby barring his action against the United States.[4]

After considering the parties' submissions, the district court dismissed Mr. Macklin's action. According to the district court, the Government correctly asserted that 28 U.S.C. § 2401(a) conditioned the waiver of sovereign immunity found in 28 U.S.C. § 2410. Given this conclusion, Mr. Macklin's action against the Government could proceed no further. In particular, the district court noted

---

[3] Mr. Macklin submitted that the underlying tax assessment against Gerald was without merit, rendering the lien invalid. He also alleged that neither he nor Gerald had received adequate notice that the lien would be filed against the Waukesha property.

[4] In response to the Government's motion to dismiss, Mr. Macklin filed a motion for summary judgment.

that Mr. Macklin's claim accrued on August 6, 1993, the date on which the IRS filed the nominee lien on the Waukesha property. Having filed his complaint six years after this event, November 16, 1999, Mr. Macklin brought his claim outside the applicable statute of limitations period, rendering his action time-barred.

## II

## DISCUSSION

Mr. Macklin submits that he properly invoked the waiver of sovereign immunity embodied in 28 U.S.C. § 2410, thereby allowing his quiet title action against the United States to proceed. To maintain a viable claim against the United States in federal court, a party must satisfy two requirements. In particular, the plaintiff not only must identify a statute that confers subject matter jurisdiction on the district court but also a federal law that waives the sovereign immunity of the United States to the cause of action. *See Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993); *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991). Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim.

## A.

Because the parties' jurisdictional statements to this court prove problematic, we must consider whether Mr. Macklin has satisfied his initial obligation: identifying a federal statute that conferred subject matter jurisdiction on the

district court over this type of action.[5] The parties operate on the premise that 28 U.S.C. § 2410 serves not only as a waiver of sovereign immunity but also as a grant of subject matter jurisdiction on the district courts.[6] This provision does not serve this dual purpose. "All [§ 2410] does is waive sovereign immunity. It does not authorize quiet title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit." *Harrell*, 13 F.3d at 234. Simply put, the parties, particularly the plaintiff, have failed to identify in their pleadings or briefs to this court a federal statute that conferred subject matter jurisdiction on the district court over this quiet title action.

---

[5] Federal courts "have an obligation—regardless of the arguments advanced to them by the parties—to assure themselves of their own jurisdiction." *Kelly v. United States*, 29 F.3d 1107, 1113 (7th Cir. 1994).

[6] Before this court, Mr. Macklin also premised the district court's subject matter jurisdiction on 28 U.S.C. § 1346(f). However, that grant of jurisdictional authority is inapplicable to the present case. Under 28 U.S.C. § 1346(f), the "district courts shall have exclusive original jurisdiction of civil actions under [28 U.S.C.] section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f). In turn, 28 U.S.C. § 2409a waives the sovereign immunity of the United States in civil actions "to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a. Indeed, the provision states that "this section does not . . . apply to or affect actions which may be or could have been brought under section[ ] . . . 2410 of this title." *Id.* Because Mr. Macklin's claim is an action pursuant to § 2410, rather than § 2409a, the jurisdictional grant found in 28 U.S.C. § 1346(f) is inapplicable to his action.

We have noted, however, that "[a] court's discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly." *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 549 (7th Cir. 1975). In this case, the contents of Mr. Macklin's complaint indicate that jurisdiction was proper under 28 U.S.C. § 1340—a statute conferring original jurisdiction on the district courts in any action arising under the internal revenue laws of the United States. *See* 28 U.S.C. § 1340. In particular, through his complaint, Mr. Macklin alleged that "numerous defects in the lien and lien filing procedures" rendered the tax lien on the Waukesha property invalid. R.13. Federal law, specifically provisions of the federal Internal Revenue Code and its accompanying regulations, dictates the form and content of a federal tax lien. *See United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 294-95 (1961); *Griswold v. United States*, 59 F.3d 1571, 1578 n.15 (11th Cir. 1995); *TKB Int'l, Inc. v. United States*, 995 F.2d 1460, 1464 (9th Cir. 1993); *see also infra* footnote 8. Consequently, despite the defects in the parties' jurisdictional statements, Mr. Macklin's claim satisfies the requirements of 28 U.S.C. § 1340.

**B.**

Turning to the second requirement, the district court concluded that, because Mr. Macklin filed an untimely complaint, he failed to invoke properly the waiver of sovereign immunity contained in 28 U.S.C. § 2410. Mr. Macklin contests this conclusion. In particular, he emphasizes that the text of § 2410 neither references nor contains a statute of limitations period. Based on this omission, he theorizes that quiet title actions may be brought

against the United States at any time. In response, the Government asserts that 28 U.S.C. § 2401(a), a catch-all statute of limitations provision, conditions 28 U.S.C. § 2410's waiver of sovereign immunity.

### 1.

It is axiomatic that the United States as sovereign cannot be sued without its consent. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). If the Government does waive its sovereign immunity, it alone dictates the terms and conditions on which it may be sued. Consequently, depending upon the statute at issue, a plaintiff may have to satisfy certain technical pleading requirements, *see* 28 U.S.C. § 2410(b), to waive his right to a jury trial, *see* 28 U.S.C. § 2402, or to file his claim within an applicable statute of limitations period, *see* 28 U.S.C. § 2409a(g), to invoke properly the United States' waiver of sovereign immunity.

Under 28 U.S.C. § 2410, Congress has waived the Government's sovereign immunity to a limited class of civil actions. In particular, § 2410 provides in part: "[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(1). As with other statutory waivers of sovereign immunity, § 2410 places certain conditions on the Government's consent to suit. For instance, if the quiet title action involves a federal tax lien, "the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice,

and the date and place such notice of lien was filed."[7] 28 U.S.C. § 2410(b). As Mr. Macklin notes, the text of § 2410 does not contain one common condition to a waiver of sovereign immunity, a statute of limitations period.

However, within the chapter containing § 2410, Congress created a general statute of limitations provision that governs civil actions filed against the United States. Often termed a catch-all statute of limitations provision, 28 U.S.C. § 2401(a) provides: "Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). The federal courts have applied this limitations period to a wide variety of actions against the Government, including claims arising under the Administrative Procedure Act, *Wind River Mining Corp. v. United States*, 946 F.2d 710, 712-13 (9th Cir. 1991); *see also Vill. of Elk Grove v. Evans*, 997 F.2d 328, 331 (7th Cir. 1993), the Freedom of Information Act, *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987), and even state contract law, *see Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1226 (8th Cir. 1992) (dismissing action against Small Business Administration for failure to comply with limitations period in § 2401(a)). Indeed, as one court observed, "the words 'every civil action' mean what they

---

[7] Mr. Macklin's complaint in this case failed to satisfy these pleading requirements. Indeed, the Government noted this deficiency in its motion to dismiss; yet, Mr. Macklin has never taken any action to amend the deficiencies in his pleadings. We note that this deficiency, standing alone, would support the dismissal of his action against the United States. *See Dahn v. United States*, 127 F.3d 1249, 1251 (10th Cir. 1997).

say . . . [.] § 2401(a) applies to all civil actions whether legal, equitable or mixed." *Spannaus*, 824 F.2d at 55.

The plain terms of § 2410 contemplate that the United States is amenable to "any civil action or suit" seeking to quiet title to property in which the Government has an interest. Mr. Macklin's claim is unquestionably a civil action against the United States, rendering 28 U.S.C. § 2401(a) applicable to this action. Moreover, as a matter of statutory construction, it is sensible for § 2401(a) to provide the applicable limitations period for § 2410. Both are located in the same statutory chapter addressing the United States as a party to an action. As such, we conclude that 28 U.S.C. § 2401(a) provides the applicable statute of limitations period for actions filed against the United States under 28 U.S.C. § 2410. *See Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998) (stating that limitations period in 28 U.S.C. § 2401(a) governs actions under 28 U.S.C. § 2410); *Fid. & Deposit Co. of Maryland v. City of Adelanto*, 87 F.3d 334, 335 n.2 (9th Cir. 1996) (same); *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) (same).

Mr. Macklin brought this action against the United States over six years after his cause of action accrued. In particular, during August 1993, the IRS not only filed a notice of federal tax lien against the Waukesha property in the Register of Deeds' Office for Waukesha County[8] but also

---

[8] Mr. Macklin submits that the lien was not properly filed because its form and content failed to conform to Wisconsin law. This contention is without merit. It is well-settled that federal, not state law, governs the form and content of a federal tax lien. *See United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 294-95 (1961). Federal regulations provide that a federal tax lien

(continued...)

notified Mr. Macklin of its actions in writing. Yet, he did not commence this action until November 1999, six years after his claim accrued. Absent applicability of some tolling or accrual doctrine to this case, Mr. Macklin failed to file his claim within § 2401(a)'s limitations period.[9]

## 2.

Despite failing to file his complaint within six years of when the cause of action accrued, Mr. Macklin asserts that his claim remains timely. More precisely, Mr. Macklin submits that equitable tolling or the continuing wrong doctrine save his otherwise time-barred claim. The Government contests the applicability of either principle to this case.

---

[8] (...continued)
on real property shall be filed on "Form 668, 'Notice of Federal Tax Lien Under Internal Revenue Laws.'" Treas. Reg. 301.6323(f)-1(d). Indeed, the provision further states:

> Such notice is valid notwithstanding any other provision of law regarding the form or content of a notice of lien. For example, omission from the notice of lien of a description of the property subject to the lien does not affect the validity thereof even though State law may require that the notice contain a description of the property subject to the lien.

*Id.* Mr. Macklin does not dispute that the lien complied with the requirements of this regulation or Form 668.

[9] In his brief to this court, Mr. Macklin implicitly concedes this point. *See* Appellant's Br. at 22 ("In any event, if in fact the court finds that the limiting provisions contained in § 2401(a) apply, the time limitation provided by the statute was equitably tolled . . . .").

**a.**

We first turn to Mr. Macklin's contention that § 2401(a) is subject to equitable tolling. Although this statutory provision conditions § 2410's limited waiver of sovereign immunity, the Supreme Court has made clear that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Because this rule merely establishes a presumption, "Congress . . . may provide otherwise if it wishes to do so."[10] *Id.* Simply put, in assessing the doctrine's applicability to a particular action against the United States, we must inquire: "Is there good reason to believe that Congress did *not* want the equitable tolling doctrine to apply?" *United States v. Brockamp*, 519 U.S. 347, 350 (1997) (emphasis in original).

*Irwin*'s progeny provides guidance as to the factors indicative of when equitable tolling should not apply to an action against the United States. In *United States v. Brockamp*, 519 U.S. 347 (1997), a taxpayer, relying on *Irwin*, submitted that Section 6511 of the Internal Revenue Code[11] was subject to equitable tolling. The Supreme Court rejected the taxpayer's position, concluding that there were "strong reasons for answering *Irwin*'s question in the Government's favor." *Brockamp*, 519 U.S. at 350. In reaching this conclusion, the Supreme Court emphasized

_____

[10] Nevertheless, *Irwin* also reaffirmed that a time restriction on suit against the Government "is a condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990).

[11] Section 6511 established a limitations period for filing tax refund claims.

several factors, including: the emphatic and technical language of the provision's time limits; "the iteration of the limitations in both procedural and substantive forms"; and the explicit exceptions to the provision's basic limitations period. *Brockamp*, 519 U.S. at 351-52. Similarly, in *United States v. Beggerly*, 524 U.S. 38 (1998), the Court concluded that equitable tolling did not apply to actions brought under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a. In particular, the Court noted that the statute: had a built in tolling provision; contained a lengthy, twelve-year statute of limitations period; and dealt with the ownership of land. *See Beggerly*, 524 U.S. at 49.

Relying on the guideposts set forth in these cases, the Government urges us to conclude that equitable tolling does not apply to § 2401(a). In particular, the Government notes several similarities between this provision and the statutes at issue in *Brockamp* and *Beggerly*. The United States observes that § 2401(a), like the QTA, already provides a generous statute of limitations provision for plaintiffs. In addition, § 2401(a) contains a tolling provision that establishes special rules for those "under legal disability or beyond the seas at the time the claim accrues." 28 U.S.C. § 2401(a). Moreover, Mr. Macklin's claim concerns land burdened by a federal tax lien—a special type of security interest subject to the intricacies of the Internal Revenue Code. At the same time, in contrast to the statutes at issue in *Brockamp* and *Beggerly*, § 2401(a) is a catch-all statute of limitations provision that is largely devoid of nuance.

Because Mr. Macklin has failed to establish a case for equitable tolling in this action, we decline to address whether Congress would not want the doctrine to apply to 28 U.S.C. § 2401(a). *See, e.g., LaBonte v. United States,*

233 F.3d 1049, 1053 (7th Cir. 2000) (declining to decide applicability of equitable estoppel in a wrongful tax levy action because it was clear plaintiff was not entitled to the remedy); *Flight Attendants Against UAL Offset (FAAUO) v. Comm'r of Internal Revenue*, 165 F.3d 572, 577 (7th Cir. 1999) ("Because the association has failed to make a case for equitable tolling, we need not decide (as the parties invite us to do) whether the doctrine may ever be invoked in a federal tax case."). "The doctrine of equitable tolling permits a prospective plaintiff to delay filing suit beyond the statute of limitations if despite due diligence on his part he cannot obtain the information he needs in order to determine, in time to sue within the deadline, whether he has a claim on which a suit can be founded." *Flight Attendants Against UAL Offset (FAAUO)*, 165 F.3d at 575. In this case, Mr. Macklin had information sufficient to maintain his action as early as August 1993. At that time, the Government informed Mr. Macklin via letter that it had filed a nominee lien on the Waukesha property. Even if the filing had not given adequate notice, this letter would have provided a reasonable person with sufficient information to recognize that he had a potential quiet title action against the United States. Simply put, other than his own conclusory statements, Mr. Macklin has proffered no evidence that the doctrine applies in this case.[12]

_____

[12] In some sense, Mr. Macklin appears to raise an equitable estoppel, rather than an equitable tolling argument. In particular, in his opening brief, he notes that he had entered negotiations with the Government concerning the possible removal of the tax lien from the Waukesha property. Although Mr. Macklin never elaborated on the point, his opening brief intimates that these negotiations dissuaded him from filing his action. However, in his reply brief, Mr. Macklin specifically disa-
(continued...)

**b.**

We also must reject Mr. Macklin's contention that the continuing violation doctrine applies to this case. Unlike tolling principles, this doctrine is not equitable in nature; rather, it is "best characterized as a doctrine governing the accrual of a claim." *Pitts v. City of Kankakee*, 267 F.3d 592, 595 (7th Cir. 2001); *see Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). In general terms, this doctrine permits a plaintiff in certain circumstances to reach back to the beginning of a claim "even if that beginning lies outside of the statutory period." *Heard*, 253 F.3d at 319. For instance, if the injury becomes apparent only in light of later events or if it is unreasonable "to require or even permit [the plaintiff] to sue separately over every incident of the defendant's unlawful conduct," a continuing violation theory may render the action timely. *Id.* However, if a single incident merely produces a lingering injury, the doctrine generally may not be invoked to save an otherwise stale claim. *See id.* In this case, Mr. Macklin knew of the lien in August 1993; nothing prevented him from recognizing the potential injury at that time, nor would later events provide any greater insight into his possible cause of action. Rather, Mr. Macklin merely notes the lingering injury of a single alleged wrong, the filing of the tax lien. The continuing violation doctrine has no applicability in such cases. *See, e.g., Pitts*, 267 F.3d at 595 (finding no continuing violation when city erected sign stating "Slum

---

[12] (...continued)
vowed any reliance on the doctrine of equitable estoppel, stating that he "purposefully opts for using the doctrine of equitable tolling as opposed to the related theory of equitable estoppel." Appellant's Reply Br. at 8 n.5. Consequently, he has waived this argument.

Property" on the plaintiff's lawn); *Nesovic v. United States,* 71 F.3d 776, 778 (9th Cir. 1995) (finding no continuing violation in Government's decision to file a tax lien on the plaintiff's property). Simply put, neither of these doctrines saves Mr. Macklin's time-barred claim. Consequently, the district court properly dismissed this action.

### Conclusion

Mr. Macklin failed to file his action against the United States within the applicable statute of limitations period. Accordingly, we affirm the dismissal of his action.

AFFIRMED

A true Copy:

     Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*