**MichaeL CONNELL, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 03–15127.

D.C. No. CV–01–00505–DAE.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2003.*

Decided June 30, 2003.

able for decision without oral argument. See

868

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Michael Connell, a federal prisoner, appeals pro se the district court's grant of summary judgment in his civil action alleging that the United States improperly garnished an insurance settlement to pay for the costs of his incarceration. We agree with the district court that the settlement was not exempt from garnishment, and accordingly, we affirm.

/

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

### DISCUSSION

We reject the Government's contention that the district court lacked subject matter jurisdiction. Connell's assertion of constitutional violations is sufficient to confer jurisdiction under 28 U.S.C. § 1331. *See Clinton v. Babbitt,* 180 F.3d 1081, 1086–87 (9th Cir.1999) (claim of Fifth Amendment violation gives rise to federal question jurisdiction). Moreover, the sovereign immunity of the United States is not implicated because Connell seeks only restitution of the garnished monies, rather than damages. *See Bowen v. Massachusetts,* 487 U.S. 879, 893–95, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *Marshall Leasing, Inc. v. United States,* 893 F.2d 1096, 1098–99 (9th Cir.1990). Finally, the Government waived its argument that Connell's action is barred by the six-year statute of limitations, 28 U.S.C. § 2401(a), by not raising the issue to the district court. *See Cedars–Sinai Medical Ctr. v. Shalala,* 125 F.3d 765, 770 (9th Cir.1997) (holding that " § 2401(a)'s six-year statute of limitations is not jurisdictional, but is subject to waiver").

The Government may seek a writ of garnishment against property "in which the debtor has a substantial nonexempt interest...." 28 U.S.C. § 3205(a). Federal law incorporates state exemptions. 28 U.S.C. § 3014(a)(2)(A). State law, applicable at the time of the federal garnishment here, exempts "proceeds of all contracts of disability insurance and of provisions providing benefits on account of the insured's disability which are supplemental to life insurance or annuity contracts ....." Haw.Rev.Stat. § 431:10–231. Connell's settlement agreement expressly states that it "is not intended to compensate Re-

courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

leasor for any medical or rehabilitative expenses … or any element of special damages." This clause removes the insurance settlement from the realm of disability contracts and therefore makes it available for federal garnishment. We do not agree with Connell's further assertions that his constitutional rights were violated, that he should have been appointed an attorney, or that he should have been permitted additional discovery.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.