**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ADALBERTO ZALDIVAR, Sr., | No. 16-16580 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01493-DGC-DMF |
| v. | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Veterans Affairs Regional Office - Phoenix, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 9, 2017[**]

Before:   SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Jose Adalberto Zaldivar, Sr., appeals pro se from the district court's

summary judgment and dismissal orders in his Freedom of Information Act

("FOIA") and Privacy Act ("PA") action arising out of his request for documents

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

related to his veterans benefits.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135, 1138 (9th Cir.

2008) (FOIA and PA summary judgment); *Serra v. Lappin*, 600 F.3d 1191, 1195

(9th Cir. 2010) (dismissals for failure to state a claim and lack of subject matter

jurisdiction); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under

28 U.S.C. § 1915A).  We affirm.

The district court properly granted summary judgment on Zaldivar's claims

related to his April 26, 2012 and May 20, 2013 FOIA and PA requests because

Zaldivar failed to raise a genuine dispute of material fact as to whether appellee

had not conducted a reasonable search for responsive documents or whether

appellee did not establish the redactions on the documents were exempt from

disclosure under FOIA or PA.  *See* 5 U.S.C. 552a(b) (conditions of disclosure

under PA); 5 U.S.C. § 552(b)(6) (FOIA exemption 6); *Cameranesi v. U.S. Dep't of

Def.*, 856 F.3d 626, 637-39 (9th Cir. 2017) (in determining whether FOIA

exemption 6 applies, courts first evaluate the personal privacy interest at stake and

then balance any such privacy interest with the public interest in disclosure);

*Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (setting

forth requirements for demonstrating adequacy of search for documents under

FOIA); *Lane*, 523 F.3d at 1139 (search for documents under PA).  We reject as

without merit Zaldivar's contention that the district court should have granted

2                                                          16-16580

summary judgment without prejudice.

The district court properly dismissed as time-barred Zaldivar's claims related to his October 20, 2002, April 13, 2005, and July 10, 2007 FOIA and PA requests. *See* 5 U.S.C. § 552a(g)(5) (two-year statute of limitations under the PA); *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) (where a statute is silent on the statute of limitations, the six-year catchall statute of limitations provision under 28 U.S.C. § 2401(a) for actions against the United States applies). Contrary to Zaldivar's contention, the continuing violation doctrine does not save his claims from being time-barred.

The district court properly dismissed Zaldivar's claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1994) on the basis of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (no *Bivens* cause of action for damages against agencies of the federal government); *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985) (rejecting *Bivens* claim against the federal government and its agencies because there was no waiver of sovereign immunity).

The district court properly dismissed for lack of subject matter jurisdiction Zaldivar's claims against the Department of Veterans Affairs Office of the Inspector General because Zaldivar failed to allege facts sufficient to show a waiver of sovereign immunity. *See Hercules, Inc. v. United States*, 516 U.S. 417,

422 (1996) ("United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."); *Heckler v. Chaney,* 470 U.S. 821, 831 (1985) (an agency's decision not to prosecute or enforce is a decision generally committed to an agency's absolute discretion and unsuitable for judicial review).

The district court did not abuse its discretion by denying Zaldivar's motion for appointment of pro bono counsel because Zaldivar failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-16580