NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL FORD; et al.,

        Plaintiffs-Appellants,

 v.

[24]7.AI, INC.,

        Defendant-Appellee.

No.   19-15462

D.C. No. 5:18-cv-02770-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted July 9, 2020
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and ZOUHARY,** District Judge.

     This putative class action arises out of a 2017 data breach, in which

Plaintiffs-Appellants allege their payment card data and other personally

identifiable information were compromised due to Defendant-Appellee's

data-security system.  The district court determined that another action arising out

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **      The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

of the same data breach, *Pica v. Delta Air Lines, Inc.*, No. 19-55300 (9th Cir.) ("*Pica*"), was commenced prior to this action ("*Ford*"), and dismissed *Ford* with prejudice on first-to-file grounds.

We have jurisdiction under 28 U.S.C. § 1291. "We review a court's decision to accept or decline jurisdiction based on the first-to-file rule for abuse of discretion." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citation omitted). We vacate the district court dismissal and remand with instructions to stay the proceedings pending resolution of *Pica*.

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) (citations omitted). A district court applying the rule may transfer, stay, or dismiss the second-filed case. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

Plaintiffs-Appellants contend that the first-to-file rule should not apply to this action at all. We do not decide that issue; regardless of whether *Pica* or *Ford* should be deemed "first-filed," the district court abused its discretion in dismissing *Ford*. Under our case law, "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Alltrade,*

2

*Inc.*, 946 F.2d at 629 (citation omitted). The *Pica* action plainly presented a likelihood of dismissal: When the district court dismissed the *Ford* action, the district court in *Pica* had already issued a tentative order dismissing that case with prejudice. Accordingly, we conclude the district court abused its discretion in dismissing *Ford*. We vacate the district court order and remand with instructions to stay the proceedings pending resolution of *Pica*.

Plaintiffs-Appellants shall recover their costs on appeal.

**VACATED AND REMANDED.**