64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grace Hawkins COOK, Claimant-Appellant,
and
8619 Mulberry Street, Laurel, Maryland, with all buildings,
appurtenances and improvements thereon, Defendant.
 No. 94-1938.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1995.
Decided Aug. 29, 1995.
 
 Grace Hawkins Cook, Appellant Pro Se. Richard Charles Kay, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, MD, for Appellee.
 Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Grace Hawkins Cook appeals the district court's final order granting summary judgment in favor of the United States, condemning the Defendant property, and forfeiting to the United States the interest of Cook and any and all other persons and entities in the Defendant property. Cook challenges the validity of the Government's acquisition of her residence located at 8619 Mulberry Street, Laurel, Maryland.
 
 
 2
 In its verified complaint for forfeiture, the Government alleged that probable cause existed to believe that the Defendant property was used and was intended to be used to facilitate the trafficking of cocaine, and that the Defendant property was purchased in part with proceeds traceable to sales of controlled substances.[1] Cook, by counsel, answered the verified complaint, denying the allegations set forth in the complaint. Cook specifically averred that she is the widowed mother of three sons, and that she knew nothing of drug money.
 
 
 3
 The Government filed a motion for summary judgment, to which Cook responded. The summary judgment materials reveal that eight ounces of cocaine were seized at the Defendant property pursuant to a warrant, and that the Defendant property was used repeatedly by Cook's sons to sell and use cocaine. Cook pled guilty in 1989 to maintaining a common nuisance, to wit, the Defendant property. Cook stated in sworn answers to the Government's interrogatories that: "To my personal knowledge, my property was not used to facili tate drug sales after the 1989 criminal case, in which I consented to the barring of my son, Robert Cook, from the property."
 
 
 4
 In support of her challenge to the forfeiture of her home, Cook asserted two potentially viable affirmative defenses. First, she contended that the seizure violated the Excessive Fines Clause. Second, Cook raised the innocent owner defense.[2] The district court heard argument on the summary judgment motion and rendered its opinion from the bench, upholding the forfeiture of the Defendant property.
 
 
 5
 The Controlled Substances Act, enacted in 1970, includes provisions for the forfeiture to the United States of property used in or intended to be used to facilitate the commission of violations of drug laws punishable by more than one year imprisonment. 21 U.S.C. Sec. 881(a)(6); 21 U.S.C.A. Sec. 881(a)(7); United States v. Chandler, 36 F.3d 358, 362 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3771 (U.S.1995). The owner of an interest in the property may defend against forfeiture by showing that the offense involving the property was committed without her knowledge or consent. Id. In an in rem forfeiture action, the elements of the forfeiture claim focus primarily on the property's role in the offense, and not on the owner's guilt. Chandler, 36 F.3d at 362.
 
 
 6
 The government may seize property if it can establish probable cause to believe that the property has the statutorily defined nexus to illegal narcotics activity. 21 U.S.C.A. Sec. 881(b)(4) (West Supp.1995). If the owner can establish that the violation occurred without her knowledge or consent, she establishes a defense to the forfeiture. Sec. 881(a)(6), (a)(7).
 
 
 7
 The Supreme Court has held that in rem civil forfeiture proceedings are subject to the limitations of the Eighth Amendment's Excessive Fines Clause, and that a violation of the clause occurs when the penalty resulting from the forfeiture far outweighs the severity of the crime. Austin v. United States, 61 U.S.L.W. 4811 (U.S.1993). In Chandler, this court recently established a three-part instrumentality test for determining when the clause is violated. 36 F.3d at 365.
 
 
 8
 Chandler was argued prior to the district court's forfeiture order in this case, and decided soon thereafter. Thus, the district court did not have the benefit of this court's guidance in Chandler, and failed to apply the three-part instrumentality test set forth in Chandler when considering the applicability of the Excessive Fines Clause to this case. We therefore vacate the district court's forfeiture decree, and remand this case to the district court for reconsideration of the excessive fines claim in light of Chandler.
 
 
 9
 We affirm, however, the district court's order pertaining to Cook's claim that she was an innocent owner.[3] The claimant has the burden of establishing that she is an innocent owner, and thus may avoid forfeiture. 21 U.S.C. Sec. 881(a)(6) (1988); United States v. Federal Nat'l Mortg. Ass'n, 946 F.2d 264, 265-66 (4th Cir.1991). Here, Cook made only general denials of knowledge regarding the drug activity that occurred on her property. The Government presented substantial evidence countering Cook's innocent owner defense, including a police officer's affidavit detailing extensive drug activity on the property and Cook's presence during the execution of at least two search warrants, all following Cook's nuisance conviction. Cook's general deni als do not suffice to rebut the Government's substantial showing of probable cause. United States v.1933 Commonwealth Ave., 913 F.2d 1, 4 (1st Cir.1990). Consequently, we affirm this portion of the district court's order.
 
 
 10
 Accordingly, we grant leave to proceed in forma pauperis, affirm the dismissal of the innocent owner defense, and vacate and remand the remainder of the district court's order for further proceedings consistent with this opinion. Because there are no complex or substantial issues presented in this appeal, we deny Appellant's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART; VACATED AND REMANDED IN PART
 
 
 
 [1]
 While the Government initially alleged that the property was forfeitable on both a facilitation theory pursuant to 21 U.S.C.A. Sec. 881(a)(7) (West Supp.1995), and also on a proceeds theory pursuant to 21 U.S.C. Sec. 881(a)(6) (1988), the Government abandoned the proceeds theory for purposes of the summary judgment motion
 
 
 [2]
 Cook also asserted that because the property was not purchased with drug money, the forfeiture was improper. First, the Government abandoned the proceeds theory of forfeiture for purposes of the summary judgment motion. Also, we find this assertion to be without merit because one basis for the Government's forfeiture in this case was that the Defendant property was used to facilitate drug crimes, which, if established, renders the property subject to forfeiture. United States v. Santoro, 866 F.2d 1538, 1542 (4th Cir.1989)
 
 
 [3]
 The Government contends that this defense was waived because Cook failed to raise it in her answer. See Fed.R.Civ.P. 8(c); Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 329-30 (1971); Menendez v. Perishable Distributors, Inc., 763 F.2d 1374, 1378 (11th Cir.1985). However, if an affirmative defense is raised in a manner that does not result in unfair surprise to the opposing party, failure to comply with Rule 8(c) will not result in waiver of the defense. Peterson v. Air Line Pilots Ass'n, Int'l, 759 F.2d 1161, 1164 (4th Cir.), cert. denied, 474 U.S. 946 (1985). Because the Government had adequate opportunity to respond to Cook's assertion that she was an innocent owner, we find that there was no unfair surprise in allowing her to proceed with the defense