**Thomas SIMMONS, guardian for Omar Rhasheen Simmons, a juvenile, Plaintiff,**

v.

**Christopher "Chris" JUSTICE, individually and in his capacity as a law enforcement officer and as an agent of the City of Spindale, North Carolina; The City of Spindale, North Carolina, a municipal corporation, et al., Defendants.**

**No. 1:99CV141–T.**

United States District Court,
W.D. North Carolina,
Asheville Division.

Sept. 22, 2000.

Michael Lee King, King & Stockton, Salisbury, NC, for Thomas Simmons, plaintiff.

John H. Watters, N.C. State Bureau of Investigation, Department of Justice, Raleigh, NC, for North Carolina State Bureau of Investigation, interested party.

Frank J. Contrivo, Asheville, NC, for Christopher "Chris" Justice, Individually and in his capacity as a law enforcement officer and as an agent of the City of Spindale, North Carolina, defendant.

Sandra M. King, Bryant Deleron Webster, Russell & King, P.A., Asheville, NC, for City of Spindale, North Carolina, a Municipal corporation, Billy Conner, Jack Conner, T. Eugene Mitchell, defendants.

---

## ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon the Motion for Leave to Amend Answer to Amended Complaint filed by defendants City of Spindale, Billy Conner, Chief Jack Conner, and T. Eugene Mitchell. Plaintiff's response to that motion was due to be filed on September 18, 2000, but was not filed until 12:07 a.m. on the morning of September 19, 2000. The court will waive the late filing, inasmuch as it is apparent to the court that counsel for plaintiff used best efforts in attempting to file within the time allowed.

In his response, plaintiff points out what the court perceived from the initial reading of the moving defendants' motion—substantial delay. These defendants seek to assert for the first time, just weeks before trial, the defenses of failure to state a claim as to plaintiff's seventh and eighth causes of action and the bar of a one-year limitations period as to the eighth cause of action. For cause, they argue that those defenses were omitted due to "a perceived press of time...." What prevented them in the subsequent five months from conducting additional review of the amended complaint is not explained. On the eve of trial and after the close of discovery, these defendants attempt to assert defenses which should have been raised in their answer.

■■■■■■ Plaintiff's primary objections to moving defendants' motion under Rule 15, Federal Rules of Civil Procedure, are delay and undue prejudice.

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend a complaint "leave shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., futility of amendment,

etc." In *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980), we noted that under Foman a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

*Ward Electronics Service, Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987). In this case, the "undue delay" is apparent: the moving defendants waited nearly five months, until discovery closed and the last day for filing dispositive motions, to seek leave to add substantive defenses to their complaint. They make no allegation that they latently discovered such defenses through the process of discovery and fail to explain the five-month delay in moving to amend. To require plaintiff to prepare to oppose such defenses at this point in time would be unduly prejudicial. Leave to amend under Rule 15, therefore, will be denied.

Some defenses, however, need not be asserted in a responsive pleading to survive. While this is a "back door" to the requirements of Rules 7(a), 8(c), and 12, it is a perilous one. Rules 12(b)(2) through (5) defenses are irrevocably waived where a defendant fails to include them in a motion made pursuant to Rule 12(b) or in defendant's answer or an amendment thereto made within 20 days. Fed.R.Civ.P. 12(h)(1).

A Rule 12(b)(1) defense is not subject to waiver because subject-matter jurisdiction is the linchpin to the *court's* jurisdiction. Subject-matter jurisdiction may never be waived. Fed.R.Civ.P. 12(h)(3).

The defense of failure to state a claim under Rule 12(b)(6) is also not subject to waiver, but may be limited in the form of its presentation where it is not initially raised. Where a party fails to raise a Rule 12(b)(6) defense in its answer, and amendment under Rule 15 is either unavailable or, as here, inappropriate, Rule 12(h)(2) provides that such defense may be raised either under Rule 12(c) as a motion for judgment on the pleadings or at trial under Rule 50. Inasmuch as the motions filing deadline has passed and a motion under Rule 12(c) is no

longer available, the moving defendants may hereinafter only assert such defense at the time of trial under Rule 50.

■ As to the affirmative defense of the statute of limitations, Rule 8(c) requires such defense to be affirmatively pleaded in the answer. Fed.R.Civ.P. 8(c). Clearly, the statute of limitations is subject to waiver by a party: "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, *like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.*" *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (footnote omitted; emphasis added). Thus, the proposed statute-of-limitations defense is not one that touches upon the subject-matter jurisdiction of this court, making such defense outside the exception carved by Rule 12(h)(3).

The next issue is whether failure to raise such defense in an answer, as required by Rule 8(c), results in waiver or whether, like a Rule 12(b)(6) defense, it may be asserted at the time of trial? Review of relevant case law reveals that a statute-of-limitations defense is not *automatically* subject to waiver for failure to assert under Rule 8(c). In *United States v. Cook,* 64 F.3d 660, 1995 WL 508888 (4th Cir.1995), the Court of Appeals for the Fourth Circuit held, as follows:

> [I]f an affirmative defense is raised in a manner that does not result in unfair surprise to the opposing party, failure to comply with Rule 8(c) will not result in waiver of the defense.

*Id.,* 1995 WL 508888 at *2 (*citing Peterson v. Air Line Pilots Ass'n, Int'l,* 759 F.2d 1161, 1164 (4th Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985)). In this case, the court finds that any unfair surprise is avoided through denial of the motion to amend and limiting moving defendants to asserting such defense at the time of trial, as provided in Rule 12(h)(2).

### ORDER

IT IS, THEREFORE, ORDERED that the Motion for Leave to Amend Answer to Amended Complaint is **DENIED.**

**IT IS FURTHER ORDERED** that moving defendants are **GRANTED** leave to assert the proposed affirmative defenses of (1) failure to state a claim as to claims seven and eight and (2) the bar of the statute of limitations as to claim eight at an appropriate time during trial, as determined by the trial judge, outside the presence of the jury, and in accordance with Rule 50.

This Order is entered in response to the Motion for Leave to Amend Answer to Amended Complaint (# 43).