**Laura JAMES and Charles James, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.S–01–0300 WBS JFM.**

United States District Court, E.D. California.

Oct. 30, 2002.

James Benjamin Kamanski, Kamanski Streltzer LLP, Los Angeles, CA, for Plaintiffs.

Kristin Sudhoff Door, United States Attorney, Sacramento, CA, for Defendant.

## MEMORANDUM AND ORDER

SHUBB, Chief Judge.

On December 10, 2001, defendant United States of America moved to dismiss this action on the ground that plaintiffs failed to present a timely administrative claim under the Federal Tort Claims Act ("FTCA"). On December 14, 2001, this court granted the motion to dismiss and entered judgment in favor of defendant. (*See* December 14, 2001 Order). Plaintiffs now move for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) subparts (1) and (6).

### I. *Factual and Procedural Background*

In June of 1999, plaintiffs Laura and Charles James filed a complaint in state court against Dr. Dwayne Vanderberg and the Lindhurst Family Clinic alleging that Laura lost her eyesight as a consequence of Dr. Vanderberg's negligence. Shortly thereafter, the United States Attorney sent a letter to plaintiffs' attorney at the time, Glenn Olives, notifying him that the Clinic was federally funded and that plaintiffs' suit was proper only against the United States. (First Req. Adm. No. 2, Ex. A.) The United States Attorney suggested that plaintiffs substitute the United States as a defendant, dismiss the state claim, and file an administrative claim with the appropriate federal agency. (*Id.*) The letter reminded Olives of plaintiffs' obligation to exhaust their administrative remedies under the FTCA, and called his attention to the sixty day statute of limitations for filing an administrative claim upon the substitution of the United States, removal, and dismissal of the suit. (*Id.*) Appended to the letter were relevant cases and statues. (*Id.*)

Olives substituted the United States as a party defendant and voluntarily dismissed the case from state court on May 18, 2000. (First Req. Adm. No. 5, Ex. B). Seventy-nine days later, on August 5, 2000, he submitted a claims form on behalf of plaintiffs to the Department of Health and Human Services ("DHHS"). (First Req. Adm. No. 5,

Ex. C.) After more than six months had passed without any response from the DHHS, plaintiffs filed suit in federal court. (*See* Compl., filed February 14, 2001).

On December 10, 2001, defendant moved to dismiss the federal suit for failure to comply strictly with the requirements of the FTCA. Olives did not file an opposition to the motion, and therefore was not entitled to be heard at oral argument pursuant to Local Rule 78–230(c). The court took the matter under submission, and after giving due consideration to the merits, granted the motion to dismiss. (*See* December 14, 2001 Order.) The court found that under 28 U.S.C. § 2679(d)(5), plaintiffs were required to file their administrative claim within sixty days of the dismissal of their state case, and that plaintiffs had missed that deadline by nineteen days. (*Id.*) The court also found that on the record before it no exception to the statute of limitations was suggested. (*Id.*) Accordingly, the court granted defendant's motion to dismiss. (*Id.*)

After the dismissal of the action, the following facts came to light. In addition to failing to oppose the motion to dismiss and missing the administrative filing deadline, Olives failed to respond to defendant's requests for admissions, presumptively causing the facts recited therein to be deemed admitted. (Def.'s Mot. Dismiss, at 2 n. 1); Fed. R. Civ. Proc. 36(a). Olives never told plaintiffs about any deadlines, and assured them all along that their case was proceeding as planned, even after he had missed the sixty day deadline to file an administrative claim. (James Decl. ¶¶ 11–13.) Olives never informed plaintiffs that their case had been dismissed. (*Id.* ¶¶ 14–15.)

In February of this year, Olives was reported missing from the state, and his whereabouts are still unknown. (Kamanski Decl. Ex. A.) In March, the State Bar filed a petition to take over Olives' practice after determining that he had abandoned nearly eighty clients, including plaintiffs. (*Id.*) According to the materials submitted by the State Bar, before Olives left the state he was suffering from clinical depression and refused to take his medication. (*Id.*) Olives

apparently has no malpractice insurance and has few assets. (*Id.* ¶ 8.)

## II. *Discussion*

█ Federal Rule of Civil Procedure 60(b) permits a judgment to be vacated upon a showing of certain enumerated conditions, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Proc. 60(b)(1). In addition, Rule 60(b) contains a catch-all provision, which applies when there is "any other reason justifying relief from the from the operation of judgment." *Id.* 60(b)(6). Supplementing the reason for relief, the moving party must ordinarily assert a meritorious claim or defense. *See Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984).[1] Plaintiffs claim that the errors of their former attorney justify relief under Rule 60(b)(6), or alternatively, constitute "surprise" under Rule 60(b)(1). Plaintiffs further contend that their claim is meritorious and would have survived the motion to dismiss had it been opposed.

### A. *Rule 60(b)(6)*

█ Rule 60(b)(6) empowers the district court to vacate orders in "extraordinary circumstances" where the movant is able to show "both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Community Dental Servs v. Tani,* 282 F.3d 1164, 1167 (9th Cir.2002).

In *Community Dental,* the Ninth Circuit held that although ordinary negligence by a party's attorney is not the kind of "extraordinary circumstance" that warrants Rule 60(b) relief, "gross negligence" is. *Id.,* at 1170. Apparently untroubled about requiring courts to draw factual distinctions between what is "gross" and what is "ordinary" negligence, the Ninth Circuit dismissed concerns that "every client will simply argue that his counsel was 'grossly negligent'" as "more imaginary than real." *Id.* The lower courts should have no difficulty in determining whether conduct is grossly negligent, the Ninth Circuit reasoned, because in criminal

cases they are "often called upon to distinguish between run-of-the mill errors of an attorney and errors so egregious that they necessitate the reversal of a criminal conviction," and in civil cases "gross negligence" is "a term with which courts are familiar and which we are compelled to apply with some regularity." *Id.*

While "gross negligence" is a term that district courts frequently use, the degree of negligence in civil cases has, until now, always been a question of fact for the jury to decide. *See Chemical Bank v. Security Pac. Nat'l Bank,* 20 F.3d 375, 378 (9th Cir.1994) ("What is 'gross' [negligence] in the particular case is a matter of fact that must be left to the determination of the reasonable persons making up the trier of fact"). Despite the pronouncements of the Ninth Circuit to the contrary, judges are ill equipped to determine as a matter of law whether an attorney's conduct qualifies as "gross" as opposed to "ordinary" negligence. To make matters worse, the Ninth Circuit has not articulated any factors that the court should consider in attempting to make this determination. It is thus not without some reservation that the court proceeds with the analysis.

█ Plaintiffs contend that Olives was grossly negligent in failing to respond to requests for admissions, missing the administrative filing deadline by nineteen days despite a letter from the United States Attorney noting the deadline, failing to oppose the government's motion to dismiss, misrepresenting to plaintiffs that the case was proceeding smoothly even though he had missed deadlines and a motion to dismiss had been filed, and failing to take his medication for clinical depression.

In *Community Dental,* the Ninth Circuit found gross negligence on similar facts and relieved the defendant from a default judgment entered against him. The defendant's attorney had ignored repeated requests from the plaintiff's attorney, had failed to engage in settlement discussions despite a court order, had failed to attend various hearings, and did not oppose the plaintiff's motion to

---

1. A Rule 60(b) movant must also bring his motion for relief from judgment "within a reasonable time." Fed. R. Civ. Proc. 60(b). Defendant does not dispute that plaintiffs' motion is timely.

strike the defendant's answer. In addition, the attorney represented to the defendant that the case was proceeding properly even though he had failed numerous times to provide his client with adequate representation. The Ninth Circuit found that the attorney had "virtually abandoned" his client, and had "deliberately [misled] him," thereby "depriving him of the opportunity to preserve his rights." *Id.* The Ninth Circuit also found it significant that a malpractice action would not adequately redress the harm caused by the attorney's actions.

The circumstances of this case are analogous. Like the attorney in *Community Dental,* Olives made numerous errors while handling plaintiff's case, and assured plaintiffs that everything was proceeding as planned even though he had missed the administrative filing deadline and was facing a motion to dismiss which he never opposed. In addition, as in *Community Dental,* a malpractice action is clearly an inadequate remedy in this case because Olives is nowhere to be found and apparently has no malpractice insurance or assets to his name. Although Olives did not physically leave the state until after the motion to dismiss was granted, he stopped providing representation to his clients before that. Never mind that we do not know why Olives did or failed to do what he did, if the attorney in *Community Dental* was so grossly negligent as to have "virtually abandoned" his client, then so was Olives.[2]

### B. *Merits of the Motion to Dismiss*

■ Although Olives may have been grossly negligent in failing to oppose the motion to dismiss and in handling the case in general, the inquiry under Rule 60(b) does not end there. The court is not obligated to vacate the judgment against plaintiffs if doing so would be an "empty exercise." James Wm. Moore, 12 Moore's Fed. Practice § 60.21[1] (3d. ed.2002) (quoting *Local 59 v. Superline Transp. Co.,* 953 F.2d 17, 20 (1st Cir.1992)); *see TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir.2001) (holding that before granting relief from

judgment, a factor to consider is whether the party has a meritorious claim or defense). In this case, the court finds that defendant has waived its only valid statute of limitations defense, and that therefore plaintiffs' claim is not without merit and should not have been dismissed.

In its Amended Answer, defendant raised an affirmative defense under 28 U.S.C. § 2679(d)(5), alleging that plaintiffs failed to file an administrative claim within sixty days of the dismissal of the state court action. The court relied on section 2679(d)(5) in dismissing plaintiffs' claim. On closer review, however, it is apparent that section 2679(d)(5) has no application to plaintiffs' claim.

Section 2679(d)(5) provides, in pertinent part:

> Whenever an action or proceeding in which the United States is substituted as a party defendant *under this subsection* is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed timely presented if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5) (emphasis added). Thus, section 2679(d)(5) does not apply unless the United States has been substituted as a defendant *under subsection (d)* of 28 U.S.C. § 2679.

Subsection (d)(2) sets out the proper procedure for substituting the United States as a defendant where, as here, the plaintiff has initially filed in state court against an employee of the federal government. First, the Attorney General must certify that the state court defendant was an employee of the United States acting within the scope of his employment when the claim arose. *See* 28 U.S.C. §§ 2679(c),(d)(2). Next, the action "shall be removed" by the Attorney General to federal court. *Id.* § (d)(2). Then, the action "shall be deemed a proceeding

---

2. Because the court finds that Olives was grossly negligent, the court does not reach the question under Rule 60(b)(1) of whether Olives' conduct

"surprised" plaintiffs. *Community Dental* suggests that attorney negligence is properly analyzed under Rule 60(b)(6).

brought against the United States," and the "United States shall be substituted as a defendant." *Id.*

In this case, the state action was never removed to federal court. Instead, the United States was substituted as the defendant in state court, and plaintiffs voluntarily dismissed the action. Because the case was never removed to federal court as required by subsection (d), the United States was not substituted as a defendant "under this subsection." *Id.*, at(d)(5). Consequently, defendant cannot avail itself of a defense under section 2679(d)(5).

Defendant contends that section 2679(d)(5) applies to plaintiffs' claim because the procedure it followed in this case achieved the same result contemplated by subsection (d), namely the substitution of the United States as a defendant and the dismissal of the action. The terms of subsection(d), however, are unambiguous. Section 2679(d)(2) states that the case "*shall* be removed" to federal court. *Id.* at (d)(2) (emphasis added). No other procedure is provided for or contemplated. Moreover, the Ninth Circuit has rejected arguments that functional equivalents of the procedures set forth in the FTCA are sufficient to satisfy the requirements of the FTCA. *See Brady v. United States,* 211 F.3d 499, 502–03 (9th Cir.2000) (holding that filing a lawsuit against the government does not satisfy the FTCA's presentation requirement). The sixty day limitations period of section 2679(d)(5) therefore does not apply to plaintiffs' claim.

■■■ Rather, plaintiffs' claim against defendant must be governed by the ordinary two year statute of limitations for presenting an administrative claim, found in section 2401(b) of the FTCA. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Fed-

eral agency within two years after such claim accrues ....").[3] Although it is undisputed that plaintiffs did not file an administrative claim within two years of the accrual of their cause of action, defendant has waived its statute of limitations defense under section 2401(b) by failing to raise it in the answer.

It used to be well understood that the requirements of the FTCA are jurisdictional and cannot be altered for equitable reasons or waived. *See Richardson v. United States,* 943 F.2d 1107, 1113 (9th Cir.1991). This principle was derived from the sensible proposition that the FTCA was a waiver of the government's sovereign immunity subject to certain limited conditions. It had the additional advantage of being easy to follow. Courts, apparently unhappy with the rigid statutory limits imposed on a plaintiff's ability to sue the government, have begun to characterize some requirements of the FCTA as "not strictly jurisdictional," including limitations periods for suing the government. *Cedars–Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 770 (9th Cir.1997); *Alvarez–Machain v. United States,* 107 F.3d 696, 701 (9th Cir. 1997). Thus, the Ninth Circuit has held that a defense based on the FTCA's statutes of limitations can be waived. *Cedars–Sinai,* 125 F.3d at 769 (9th Cir.1997).

■■■ The Federal Rules of Civil Procedure require the defendant to plead affirmative defenses such as the statute of limitations in the answer. Fed. R. Civ. Proc. 12(b); 8(c). Failure to do so constitutes a waiver of that defense. *See Simmons v. Christopher Justice,* 196 F.R.D. 296, 298 (W.D.N.C.2000). The only statute of limitations defense alleged in the answer to the complaint was the sixty day period of section 2679(d)(5). Because defendant did not plead the relevant two year statute of limitations as an affirmative defense, it waived any defense it may have had under section 2401(b). Ac-

---

3. The court does not intend its opinion to necessarily preclude a claim by a plaintiff who files an administrative claim sixty days after voluntarily dismissing her case from state court, if she was informed by the government that this was an appropriate procedure to follow. So long as the plaintiff follows the procedure suggested by the government, principles of equitable tolling or equitable *estoppel* might allow her claim to pro-

ceed, even if she presented her claim more than two years after it had accrued. *See Alvarez–Machain,* 107 F.3d at 701 (holding that principles of equitable tolling apply to FTCA claims); *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981) (finding that equitable estoppel "may be appropriate when misleading conduct by the defendant has induced plaintiff to delay filing a claim").

cordingly, plaintiffs' lawsuit should not have been dismissed.[4] Because plaintiffs appear to have an otherwise meritorious claim, relief from judgment is appropriate.

### C. Conclusion

At the hearing on this motion, counsel for defendant argued that the court should not find in plaintiffs' favor based on a technicality. The government cannot be heard to complain that the court's interpretation of section 2679(d)(5) is overly technical when it regularly, and quite properly, insists that it cannot be sued unless plaintiffs strictly comply with the FTCA's filing and presentation requirements. No better example of the government's rigid application of the law can be found than the present case, in which the government moved to dismiss after plaintiffs missed the proposed deadline by only nineteen days. To paraphrase Judge Halbert, the government ought to be held as strictly to procedural formalities as it requires its citizens to be. See United States v. 364.82 Acres, 38 F.R.D. 411, 415 (N.D.Cal.1965) ("The Government ought to be as frank, fair and honest with its citizens as it requires its citizens to be with it.")

IT IS THEREFORE ORDERED that plaintiffs' motion for relief from judgment be, and the same hereby is, GRANTED. The judgment heretofore entered is hereby vacated and set aside, and the matter is set for status conference on December 9, 2002 at 9:00 a.m. in courtroom 5.

---

**4.** Because the court finds that defendant waived its only valid statute of limitations defense, the court does not address plaintiffs' arguments regarding Kelley v. United States, 568 F.2d 259 (2d Cir.1978), equitable tolling and estoppel, Rule 60(b) as applied to administrative requirements, and the government's admissions in the answer.