**Scott FISHER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 93–1523 PHX–EHC.**

United States District Court,
District of Arizona.

March 30, 1994.

Scott Fisher, pro se.

Eric M. Casper, U.S. Dept. of Justice, Tax Div., Washington, DC, Janet Napolitano, U.S. Atty., Phoenix, AZ, for U.S.

## ORDER

CARROLL, District Judge.

Plaintiff filed a Complaint for Quiet Title, July 29, 1993; seeking a temporary restraining order, and preliminary and permanent injunctive relief. Plaintiff challenges the attachment of his property or properties by lien(s) in favor of the United States for nonpayment of taxes. Plaintiff contends that he is not a "taxpayer" as defined by the Internal Revenue Code because he has not engaged in any revenue taxable activity to become liable for income taxes. Plaintiff argues that "[t]he free exercise and enjoyment of the God-given and *constitutionally secured right* to lawfully acquire property or compensatory income, by lawfully contracting one's own labor in innocent and harmless activities, for lawful compensation, cannot be (and therefore has not been) taxed for *revenue purposes.*" (emphasis in original). Motion for Temporary Restraining Order at 3, 9–15 (dkt 2).

Further, Plaintiff accuses the Government of failing to follow proper procedures for recordation of the assessment, issuance of the notice and demand for collection, and mailing a final notice. 26 U.S.C. §§ 6230, 6303, 6331(d). Plaintiff complains that "Numerous Notice of Federal Tax Liens were filed in this matter one [sic] various dates, they were prepared and signed at different locations, and filed with different County Clerks." Complaint at 3 (dkt 1).[1] Plaintiff attests by affidavit that the United States failed to issue proper notice and demand, but provides no specifics. Affidavit of Scott Fisher, ¶ 9 (dkt 10).

After a hearing on August 13, 1993, this Court denied Plaintiff's request for a temporary restraining order. Further arguments were presented on October 6, 1993 when Plaintiff's requests for injunctive relief were heard by the Court. Plaintiff's motions for preliminary and permanent injunctions were taken under advisement, pending full briefing and disposition of the Government's motion for summary judgment.[2]

1. *Procedural validity of the tax lien and assessment.*

■ Official acts of the Internal Revenue Service (IRS) are presumed to be procedurally correct. *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir.1976). The presumption is defeated only by a showing of clear evidence to the contrary. *Id.* at 786–787. Here, the Government submits a Form 4340, "Certificate of Assessments and Payments." This form, accompanied by certification as an official record, shows that after two extensions Plaintiff filed a late return for the taxable year 1990. On October 18, 1991, the IRS assessed Plaintiff as owing $18,833 in income tax and sent Plaintiff a "Notice of Assessment and Demand for Payment" letter.[3] The notice required under 26 U.S.C. Section 6303, "Notice of Balance Due" was sent on November 18, 1991. Thereafter, three delinquency notices were sent on December 23, 1991, January 27, 1992, and March 2, 1992. Form 4340 at Exhibit C, Declaration of Lou Panelli (dkt 21); Memo Supporting Government's MSJ at 3, n. 2. (dkt 20).

■ IRS forms, such as Form 4340 introduced here, are considered official documents and in the absence of contrary evidence, are

---

**1.** Plaintiff submitted a copy of a "Notice of Federal Tax Lien Under Internal Revenue Laws," (dkt 9), which reflects a lien attachment for $19,069.01 for tax period 1989. This form is inaccurate because it mixes the taxable year 1989 with the assessment amount for 1990. The Government reports that on September 17, 1993, it released the lien for taxable year 1989 and that there are no current levies regarding the Plaintiff's unpaid 1990 tax assessment.

**2.** October 4, 1993, two days before the hearing on Plaintiff's motions for preliminary and perma-

nent injunctions, the Government filed its Motion for Summary Judgment.

**3.** Here, the Certificate of Assessments and Payments contained 23C dates, these notations allow a Court to conclude that the IRS properly issued Plaintiff's assessment by completing Form 23C, "Summary Report of Assessments," as required under 26 C.F.R. § 301.6203–1. *See Brewer v. United States*, 764 F.Supp. 309, 315 (S.D.N.Y. 1991) (summary judgment improper as issue of fact remains where Certificates of Assessments and Payments did not contain 23C dates).

probative evidence that notices and assessments were properly made. *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir.1992); *See also United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.1984) (official certificates are highly probative, and in the absence of contrary evidence, are sufficient to establish proper assessment and notice). "Certificates of Assessments and Payments [Form 4340] qualify as '[r]ecords, reports, ... or data compilations, in any form, of public offices or agencies, setting forth ... matters observed pursuant to duty imposed by law as to which matters there was a duty to report,' thus meeting one of the definitions of public records set forth in Fed.R.Evid. 803(8)." *Hughes,* 953 F.2d at 539 (9th Cir.1992) (citing, *Cf. United States v. Neff,* 615 F.2d 1235, 1241–42 (9th Cir.) (admissible under Rule 803(10), absence of public record, to prove nonoccurrence), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980)).

"The Forms are admissible as self-authenticating domestic public documents under Fed.R.Evid. 902(1)." *Hughes,* 953 F.2d at 540. "As long as the document is under seal and bears an appropriate signature, Rule 902(1) is satisfied, regardless of [the] certifying form [ ] used." *Id.*[4]

■ Other than the repeated attestation by Plaintiff that the IRS failed to issue proper notice and demand, Plaintiff proffers no evidence of any deficiencies. At the hearing on Plaintiff's motion for a preliminary and permanent injunction, the Court inquired into Plaintiff's procedural contentions. At first, Plaintiff testified he never received a 90 Day Letter or Notice of Deficiency as required under Title 26 U.S.C. Tr. p. 5.[5] However, on cross-examination, Plaintiff admitted he received on more than one occasion communications from the IRS that he owed approximately $19,000 in taxes for 1990. Tr. p. 6. Plaintiff admits he received a notice of federal tax lien from the IRS through the mail. Tr. p. 7. The Court commented on the seeming inconsistency of Plaintiff's testimony, Tr. p. 8; the Government responded that the parties were at odds regarding the type of notice required of the IRS. Tr. p. 8. The Court informed the Plaintiff that it understood that the Plaintiff intended to present evidence of procedural violations, such as improper filing of assessments, Tr. p. 21; Plaintiff responded that he sought to digress from that line of thinking and wished to establish whether he was properly considered by the government to be a taxpayer. Tr. p. 21.

Although, Plaintiff adamantly contends he is not challenging the taxing authority of the United States Government, Tr. p. 2, as the Court noted during the hearing, Plaintiff just goes back around, Tr. p. 4, with his argument that he is not a taxpayer because his income was generated by an activity involving the pursuit of happiness. As the Court noted at the hearing, these matters have been litigated and relitigated in other cases and do not constitute a defense in a proceeding such as this.

*2. Merits of the tax lien and assessment.*

■ "The Anti–Injunction Act (the Act) provides that, with certain exceptions, 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.'" *Hughes,* 953 F.2d at 535 (quoting 26 U.S.C. § 7421(a)). The statutory exceptions include: 26 U.S.C. §§ 6212(a) and (c), 6213(a) which allow petitions to the United States Tax Court for redetermination of proposed deficiencies; 26 U.S.C. §§ 7426(a) and (b)(1), 6672(b), 6694(c) and 7429(b) which allow certain civil suits to be filed in district court; and 26 U.S.C. § 7422 which allows taxpayers to sue for a refund of paid taxes. To invoke these judicial exceptions a taxpayer must show that the government can not prevail on the merits, and that the taxpayer will suffer irreparable injury without injunctive relief. *Id.* However, the two prong test need not be reached if the Complaint is an attempt to prevent the collection of assessed taxes by challenging the merits of the assessment, because such a

---

4. Accordingly, the Court finds that Plaintiff's evidentiary challenge made in his Motion to Strike the Declaration of Lou Panelli (dkt 33) fails.

5. Transcript citations will be Tr. p. ___.

challenge violates the Anti–Injunction Act on its face. *Lonsdale v. United States,* 919 F.2d 1440, 1442 (10th Cir.1990). This is the case at hand.

 Further, the Anti–Injunction Act can not be circumvented by framing the Complaint as a quiet title action. 28 U.S.C. § 2410 which provides jurisdiction in an action or suit in district court to quiet title does not provide jurisdiction when the action is essentially contesting liability for assessed taxes. *Id.* at 1442. The "courts have rejected attempts by taxpayers to invoke the waiver of sovereign immunity for the purpose of circumventing the time honored 'pay first, litigate later' rule, by framing their contest of the Government's tax assessment or collection actions in the guise of a quiet title action." (citations omitted) *Id.* at 1443. Waiver of sovereign immunity under § 2410 has been similarly limited in the Ninth Circuit since *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990). *Hughes,* 953 F.2d at 537.

*3. Conclusion*

This Court is without jurisdiction to consider Plaintiff's attack on the merits of his tax assessment. Further, the Court finds that in light of the lack of probative contrary evidence, submission of the Form 4340 serves to conclusively establish the propriety of the IRS notices and assessments. Therefore, the Court finds that there is no genuine issue as to any material fact and summary judgment is appropriate in this case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273–274 (1986).

Accordingly,

**IT IS ORDERED** granting the Government's Motion for Summary Judgment (dkt 18).

**IT IS FURTHER ORDERED** denying Plaintiff's motions for a preliminary injunction (dkt 3–1); for a permanent injunction (dkt 3–2); and to strike the declaration of Lou Panelli (dkt 33).

**IT IS FURTHER ORDERED** denying Plaintiff's request for an evidentiary hearing concerning his status as a tax payer (dkt 35).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel (dkt 32).