**Roxanne WATSON, Trustee of Rainbow's End Trust, Plaintiff,**

v.

**Millan CHESSMAN; Rosevelt Kyle, Trustee of Rainbow Nutrition Trust; the United States of America; and Mark W. Everson, Commissioner of the Internal Revenue Service, Defendants.**

**No. 04CV1229–DMS(WMC).**

United States District Court, S.D. California.

Feb. 2, 2005.

al subject matter jurisdiction or indicate an express waiver of the United States' sovereign immunity. Further, the Government argues the Anti–Injunction Act bars Plaintiff's first and second causes of action, and the Declaratory Judgment Act precludes the relief sought in Plaintiff's third claim. For the reasons discussed below, The Government's motion is hereby GRANTED, and this case is DISMISSED with prejudice.

## I.

### BACKGROUND

Plaintiff Roxanne Watson is the trustee of Rainbow's End Trust ("Trust"). According to Plaintiff, she is the fee simple owner of Lot 240 of Fletcher Hills Highlands Unit No. 6, located in El Cajon, California ("Lot 240"). Plaintiff avers Defendants Chessman, Kyle, and the United States of America have made adverse claims of ownership. According to the Government, Defendant Chessman is Plaintiff's mother, and owes a tax debt for the years 1994 and 1995. In 1990, the Government contends Defendant Chessman placed Lot 240 (her personal residence) into the Trust.

On July 17, 2003, James Haig, Internal Revenue Officer with the Internal Revenue Service, mailed Plaintiff a letter indicating his suspicion that the Trust was involved in a tax avoidance scheme. The letter warned that the Government may pursue civil or criminal penalties against taxpayers who use such schemes. Plaintiff explains that this letter was prompted by the IRS's belief that Defendant Chessman had an assignable interest in Trust property. In March of 2004, the IRS notified Defendant Chessman that Trust property would be subject to encumbrance, levy, and seizure by the IRS. As a result, Plaintiff insists that Trust property, Lot 240 specifically, is erroneously subject to immediate

Kenneth N. Hamilton, The McMillan Law Firm, La Mesa, CA, for Plaintiff.

US Attorney CV, US Attorney's Office, Southern District of California Civil Division, San Diego, CA, Jeremy N. Hendon, Traci L. Patterson, United States Department of Justice, Tax Division, Washington, DC, for Defendants.

### ORDER GRANTING MOTION TO DISMISS; DISMISSING ACTION WITH PREJUDICE

SABRAW, District Judge.

The Court now considers the Government's motion to dismiss the first amended complaint, pursuant to Fed.R.Civ.P. 12(b)(1). The Government argues this Court is without jurisdiction to hear the merits of Plaintiff's allegations, as Plaintiff has failed to allege a proper basis of feder-

seizure. However, as of the date of this motion, the IRS has served no such levy upon any Trust property.

On September 22, 2004, Plaintiff filed her first amended complaint in this action, asserting three separate claims for relief. The first claim—brought against Defendants Chessman, Kyle, and Everson (in his official capacity as Commissioner of the IRS)—seeks to enjoin the seizure of Lot 240. Plaintiff's second cause of action, against Defendant Everson only, generally seeks to enjoin seizure or encumbrance of any Trust property. Plaintiff's third cause of action, against Defendant Everson only, seeks a judicial declaration that the IRS has no right, title, or interest in Trust property.

The Government filed this Rule 12(b)(1) motion to dismiss on December 13, 2004, contending this Court is without jurisdiction to hear any of Plaintiff's claims. Plaintiff opposed the motion on January 5, 2005. The Government replied on January 13, 2005. The Court took the matter under submission without oral argument, in accordance with Civ. L.R. 7.1(d)(1).

## II.

### LEGAL STANDARD

■ A defendant may move to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). Dismissal for lack of subject matter jurisdiction is not a judgment on the merits, and therefore it has no claim preclusive or res judicata effect. *See Thompson v. County of Franklin,* 15 F.3d 245, 253 (2nd Cir.1994). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction—here, the Plaintiff. *See Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir.1990).

A Rule 12(b)(1) motion may be used to attack two different types of defects. *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir.2002). *See generally 2 Moore's Federal Practice,* § 12.03[4] (Matthew Bender 3rd ed.2004). With the first category of Rule 12(b)(1) attack (applicable here), a defendant may argue that the Plaintiff has failed to comply with Rule 8(a)(1), in that the allegations on the face of the complaint are insufficient to show federal subject matter jurisdiction. This first type of Rule 12(b)(1) motion is known as a "facial attack." *See Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir.2003); *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000).[1]

■ With facial attacks, the court examines the complaint as a whole to determine whether the plaintiff has alleged a proper basis of jurisdiction. *See Cook v. Winfrey,* 141 F.3d 322, 326 (7th Cir.1998). The plaintiff enjoys safeguards similar to those provided in opposing a Rule 12(b)(6) motion: the court must treat the allegations of the complaint as true and draw all inferences in favor of the plaintiff. *See Gould v. U.S.,* 220 F.3d 169, 176 (3rd Cir. 2000); *Hammond v. Clayton,* 83 F.3d 191, 192 (7th Cir.1996) (citation omitted). The court will not, however, infer allegations supporting federal jurisdiction; federal subject matter must always be affirmatively alleged. *See* Rule 8(a); *Century Southwest Cable Television, Inc. v. CIIF Assoc.,* 33 F.3d 1068, 1071 (9th Cir.1994). When, as here, a plaintiff relies on the general federal question and tax jurisdiction statutes (28 U.S.C. §§ 1331 & 1340), a claim not "arising under" the Constitution, or any federal statute, including any section of the Internal Revenue Code, will not generally survive a Rule 12(b)(1) facial at-

---

1. The second type of Rule 12(b)(1) attack, known as a "factual attack," has no relevance to the Government's motion.

tack. *See Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

## III.

### DISCUSSION

■ The Government brings a Rule 12(b)(1) facial attack on the first amended complaint. To maintain a viable action against the United States in federal court, a plaintiff must satisfy two requirements: (1) it must identify a particular statute that confers federal subject matter jurisdiction on the federal court; and (2) it must identify a federal law that waives the sovereign immunity of the United States as to that particular cause of action. *See Macklin v. U.S.,* 300 F.3d 814, 819 (7th Cir.2002) (citing *Arford v. U.S.,* 934 F.2d 229, 231 (9th Cir.1991)). Failure to do *either* mandates dismissal of the entire claim. *See Macklin,* 300 F.3d at 819. According to the Government, however, Plaintiff has failed to meet *both* of these requirements.

The complaint alleges three causes of action, none of which mentions any specific jurisdictional basis, or waiver of sovereign immunity. First, Plaintiff seeks injunctive relief against the IRS (and others) from seizing Lot 240. Second, Plaintiff seeks general injunctive relief against the IRS from seizing or encumbering any of the Trust property. Plaintiff adds that this second claim is not barred by 26 U.S.C. § 7421(a) (more commonly referred to as the Internal Revenue Code's "Anti–Injunction Act"), because "the imminent encumbrance, levy, and seizure of the trust property is unlawful and void, such encumbrance, levy, and seizure would cause irreparable injury to the beneficiaries and the Trustee, and under no circumstances can the government ultimately prevail on the merits." (Compl.¶ 28.) Plaintiff's third claim seeks a judicial declaration that the IRS has no right, title, or interest in Trust property, specifically Lot 240. In support of this final claim, Plaintiff mentions that she "has no adequate remedy at law because it would require [her] to allow [the IRS] to encumber, levy and seize the trust property and impair the rights of the beneficiaries in violation of her fiduciary duties." (*Id.* at ¶ 32.)

The Government insists that the complaint, on its face, does not sufficiently allege a proper jurisdictional basis, and must therefore be dismissed pursuant to Rule 12(b)(1). The Government argues that any claims against Defendant Everson in his official capacity (as Commissioner of the IRS), should be dismissed because the suit is actually brought against the United States. *See Hutchinson v. U.S.,* 677 F.2d 1322, 1327 (9th Cir.1982); *Wilson v. Wilson,* 141 F.2d 599, 600 (4th Cir.1944). Accordingly, the United States is the only proper federal defendant.

As to Plaintiff's first two causes of action against the United States (seeking injunctive relief), the Government contends that 26 U.S.C. § 7421(a), the Anti–Injunction Act, bars injunctive actions brought against the United States in an effort to prevent the United States from collecting taxes. Although the Act is subject to limited exceptions, the Government insists none of the exceptions are applicable here. As such, the Government moves to dismiss Plaintiff's first two claims for want of subject matter jurisdiction.

The Government further argues that Plaintiff's third claim (for declaratory relief) must fail because the Declaratory Judgment Act, 28 U.S.C. § 2201, bars the type of relief sought by Plaintiff in this case. Specifically, Section 2201(a) excludes suits "with respect to Federal taxes." Consequently, the Government avers this third claim must be dismissed pursuant to Rule 12(b)(1).

■ Finally, the Government insists Plaintiff has failed to identify a federal law

that waives the United States' sovereign immunity for the specific causes of action raised in the complaint. The United States, as a sovereign entity, is immune from suit unless it has consented to be sued. *See U.S. v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *U.S. v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). "The terms of consent to be sued may not be inferred, by must be 'unequivocally expressed.'" *White Mountain Apache Tribe,* 537 U.S. at 472, 123 S.Ct. 1126 (quoting *U.S. v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (Mitchell I)). The Government argues that the United States has not expressly waived its sovereign immunity for Plaintiff's claims; the claims against the United States must therefore be dismissed. The Court shall address each of the Government's contentions below.

### A. *Claims Against Defendant Everson in His Official Capacity*

■ Plaintiff brings all three of its claims against Defendant Everson in his official capacity as Commissioner of the IRS. (Compl.¶ 7.) Accordingly, the Government argues these claims are really against the United States—the United States is the only proper federal defendant in this action and the claims against Defendant Everson must be dismissed. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985) ("a suit against IRS employees in their official capacity is essentially a suit against the United States.") (citing *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)).

■ In opposition, Plaintiff cites 5 U.S.C. §§ 702 & 703 (Administrative Procedures Act or "APA"), for the proposition that an action for judicial review may name the United States, the specific agency by its official title, or the appropriate officer. Technically, this may be a correct statement of the law; however, Plaintiff's reliance on the APA is misplaced. The APA affords judicial review to persons claiming to have suffered a legal wrong from any final action undertaken by a federal agency. *See* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Jurisdiction 3d* § 3659, at 2–3 (1998). That is not what happened here.

Plaintiff's three causes of action do not allege that she has suffered any "legal wrong" to date; nor does she seek "judicial review" of any "final agency action." Rather, she seeks prospective injunctive and declaratory relief—the alleged "agency action" (seizing Trust property) has not yet happened. As such, the APA has no relation to this case. Plaintiff's concern that the IRS *might* seize Trust property, at some unspecified time in the future, is not a cognizable legal theory under the APA. *See Pacific Coast Federation of Fishermen's Ass'ns, Inc. v. Nat'l Marine Fisheries Serv.,* 265 F.3d 1028, 1033 (9th Cir.2001) (defining "final agency action" sufficient to permit judicial review under the APA as one that both "mark[s] the end of an agency's decision making process" and also provides a source of rights, obligations, or legal consequences) (citing *Ecology Ctr., Inc. v. U.S. Forest Serv.,* 192 F.3d 922, 925(9th Cir.1999)). Thus, the APA does not allow Plaintiff to bring her claims against Defendant Everson. Rather, because Plaintiff's claims against Defendant Everson in his official capacity are really claims against the United States, Defendant Everson must be dismissed from this action.

### B. *Claims One and Two: Injunctive Relief*

Plaintiff's first two claims seek injunctive relief against the United States. In

her complaint, Plaintiff alleges that jurisdiction is based in part on 28 U.S.C. §§ 1331 & 1340. Section 1331 is the general federal question jurisdiction statute. Section 1340 is the general tax jurisdiction statute, and states: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue...." 28 U.S.C. § 1340.

■ While these statutes provide a general basis of federal subject matter jurisdiction, they nonetheless require that the underlying claims *arise under* some particular section of the Constitution or other federal law, including the laws providing for the collection of Internal Revenue. *See Cameron v. I.R.S.*, 593 F.Supp. 1540, 1546 (D.Ind.1984) (" § 1340 is designed to give a district court jurisdiction should it find a separate basis for the claim."); *U.S. v. Coson*, 286 F.2d 453, 456–58 (9th Cir.1961); *Macklin*, 300 F.3d at 820. To this end, for both of these first two claims, Plaintiff must identify what specific section of the Constitution or United States Code her claims arise under, so as to confer federal subject matter jurisdiction on this Court; she must also indicate what specific statute has waived the United States' sovereign immunity. *See Young v. I.R.S.*, 596 F.Supp. 141, 145–46 (D.Ind.1984) ("Section 1340 makes clear that the jurisdiction extends to civil actions arising under the Internal Revenue laws; as such, the suit must be based on some cause of action which the Internal Revenue Code recognizes and allows the plaintiff to bring."); *Shanbaum v. U.S.*, 32 F.3d 180, 182 (5th Cir.1994) (explaining that Section 1331 "is a general jurisdiction statute and does not provide a general waiver of sovereign immunity.").

### 1. Claim One: Quiet Title Act

Claim One relates to a specific parcel of property (Lot 240) that Plaintiff alleges has been subject to an adverse claim of title by Defendants Chessman, Kyle, and the United States. Accordingly, in Claim One, Plaintiff seeks an order enjoining Defendants from seizing Lot 240, and a determination from this Court that Plaintiff has a fee simple ownership interest in the property, superior to any adverse claims. As explained in her opposition, Plaintiff brings this claim under 28 U.S.C. § 2410 (the "Quiet Title Act"). (Opp'n at 2–3.) Title 28 U.S.C. § 2410 states: "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." Section 2410(a). The complaint must set forth with particularity the nature of the United States' interest. *See* Section 2410(b). Where the United States holds a tax lien, the plaintiff must also include the identity of the internal revenue office which filed the notice of lien, and the date and place such notice was filed. *Id.*

■ The Quiet Title Act, by its very terms, is inapplicable to Plaintiff's first cause of action. Specifically, Section 2410 requires that the United States has already claimed a mortgage or some other type of lien on the property. *See Old Orchard Bank & Trust Co. v. Rodriguez*, 654 F.Supp. 108, 112 (N.D.Ill.1987); *Bertie's Apple Farms v. U.S.*, 476 F.2d 291, 292 (9th Cir.1973). But here, there has been no such tax lien imposed on Lot 240; there has only been speculation that the IRS may seek a lien against the property, some time in the future. According to Plaintiff, all that has happened is that Defendants Chessman and Kyle have made adverse claims of ownership regarding this property, and the IRS has notified Defendant Chessman that it may seek a lien against her property, including Lot 240.

As a result, Plaintiff avers she "has reason to believe that trust property is subject to immediate levy, distraint and seizure" by the IRS. (Compl.¶ 21.) Unless the IRS actually does impose a lien, however, such allegations are insufficient to invoke the protections of the Quiet Title Act.

In addition, the Quiet Title Act would not be the proper remedy for someone in Plaintiff's situation, even had the IRS imposed a lien on Lot 240. Essentially, Plaintiff contends that the IRS has erroneously identified Lot 240 as belonging to Defendant Chessman; Lot 240 belongs to the Trust; the IRS is bringing enforcement proceedings against Defendant Chessman; and the IRS has threatened to levy Lot 240 to satisfy Defendant Chessman's outstanding tax obligations. Plaintiff brings suit to enjoin such a levy. However, in this and other circuits, it is well established that *only* the person subject to IRS levy (in this case, Defendant Chessman) may bring a Quiet Title action under Section 2410. If, as in this case, the aggrieved plaintiff is not the taxpayer subject to levy, but another allegedly innocent party whose property has been levied because of another's tax obligations, the plaintiff must file her case under 26 U.S.C. § 7426(a)(1).[2] *See Winebrenner v. U.S.,* 924 F.2d 851, 853–54 (9th Cir.1991) ("the enactment of Section 7426 precludes, in cases in which it applies, suits for quiet title under Section 7410."), *overruled in part by U.S. v. Williams,* 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995); *Fidelity & Deposit Co. of Maryland v. City of Adelanto,* 87 F.3d 334, 335 (9th Cir.1996) ("where suit is by a nontaxpayer third party and § 7426(a)(1) applies, and the alternative basis proffered for waiver of sovereign immunity is an action to quiet title under § 2410(a)(1), *Winnebrenner* continues to control and § 7426 is the exclusive remedy."); *United Sand & Gravel Contr., Inc. v. U.S.,* 624 F.2d 733, 739 (5th Cir.1980); *Trust Co. of Columbus v. U.S.,* 735 F.2d 447 (11th Cir.1984); *Miller v. Tony & Susan Alamo Found.,* 134 F.3d 910, 916 (8th Cir.1998).

Accordingly, even had the IRS levied upon Lot 240 in its collection proceedings against Defendant Chessman (it hasn't), Plaintiff seeks the wrong remedy. Where a nontaxpayer third party claims her property has been erroneously levied by the IRS, Section 7426 provides the exclusive remedy. Thus, to the extent Plaintiff relies on the Quiet Title Act as a basis of subject matter jurisdiction and waiver of sovereign immunity, Plaintiff's reliance is misplaced.[3] Moreover, Section 7426 (like Section 2410), requires an *existing* levy (or lien), not merely a *threatened* levy (or lien). *See American Pacific Inv. Corp. v. Nash,* 342 F.Supp. 797, 798 (D.N.J.1972). For all these reasons, Plaintiff's first cause of action must be dismissed pursuant to Rule 12(b)(1).

## 2. Claim Two: No Jurisdictional Basis Alleged

Plaintiff's second claim seeks blanket injunctive relief against the IRS

---

**2.** Title 26 U.S.C. § 7426(a)(1) provides: "If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."

**3.** In addition, as Defendants argue, 26 U.S.C. § 6326 also provides for the administrative appeal of a lien, should the United States eventually file a lien against any Trust property. (Reply at 5–6.) Further, because Lot 240 is Defendant Chessman's personal residence, a levy cannot occur without judicial approval. *See* 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1).

seizing or encumbering any Trust property: "A permanent injunction enjoining [Defendants] from subjecting the trust property to lien, levy or seizure for, the purpose of enforcing a tax obligation purportedly owed by [Defendant] Chessman or the Rainbow Nutrition Trust." (Compl. at 6, ¶ 3.) Plaintiff does not identify in her complaint any statutory basis for this claim; nor does she provide any further information in her opposition as to a specific section of the Internal Revenue laws providing for the type of relief sought. Rather, Plaintiff merely states that her suit is not barred by the Anti–Injunction Act, because it falls within a judicial exception. However, simply "not being barred by the Anti–Injunction Act" is irrelevant to whether federal subject matter jurisdiction exists in the first instance. In other words, the Court must first be satisfied that the claim has a proper jurisdictional basis. Plaintiff is unable to clear this initial hurdle.

In reviewing both of Plaintiff's pleadings (complaint, opposition), Plaintiff mentions four possible jurisdictional bases. In the "Jurisdiction" section of the complaint, Plaintiff cites 28 U.S.C. §§ 1331, 1340, & 2410, and 5 U.S.C. § 702. None of these sections, however, operates to confer subject matter jurisdiction in this Court. Section 1331, like Section 1340 does not independently create subject matter jurisdiction; the suit must "arise under" the Constitution or some other specific section of the United States Code. But Plaintiff is unable to name any particular code section on which to base her claims. Moreover, as discussed above, Plaintiff cannot maintain this claim under Section 2410 (Quiet Title Act), because there has not yet been a lien and because Section 2410 is the wrong remedy for a nontaxpayer third party. Finally, as discussed above, Section 702(APA) is inapplicable to this case, because there has been no "final agency action" sufficient to invoke 5 U.S.C. § 702.

Consequently, Plaintiff has failed to satisfy this Court that federal subject matter jurisdiction exists as to her second claim.

### 3. Waiver of Sovereign Immunity

■■■ Plaintiff has similarly failed to allege a specific waiver of the United States' sovereign immunity. In opposing this motion, Plaintiff insists the United States has waived sovereign immunity pursuant to the APA (5 U.S.C. § 702) and the Quiet Title Act (28 U.S.C. § 2410). However, as discussed above, neither the APA nor the Quiet Title Act is applicable to this case because nothing has happened yet. There has been no "final agency action," nor has the United States imposed any lien on any of Plaintiff's property; Plaintiff only seeks prospective injunctive and declaratory relief based on her speculation that the IRS might seize Trust property in the future. Therefore, because Plaintiff's first two claims fail to allege either a proper basis of federal subject matter jurisdiction or an applicable waiver of the United States' sovereign immunity, these two claims must be dismissed pursuant to Rule 12(b)(1).

### 4. Anti–Injunction Act

Plaintiff has failed to identify a proper basis of federal subject matter jurisdiction or waiver of sovereign immunity as to either of her first two causes of action. In addition, even were these claims properly before this Court, the Government argues that Plaintiff's injunctive claims are barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a). This presents a few difficult questions.

■■■ The Anti–Injunction Act states: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Plaintiff is not the tax-

payer whose property the IRS allegedly seeks to levy; that person is Defendant Chessman. Nonetheless, looking to the statutory language, "the Anti–Injunction Act is 'triggered' when the suit to enjoin the assessment or collection of taxes is filed. The action itself, regardless of the plaintiff's status, touches off jurisdiction." *Educo, Inc. v. Alexander,* 557 F.2d 617, 620 (7th Cir.1977) (citing *Alexander v. "American's United" Inc.,* 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974)). *See also Bob Jones Univ. v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) (explaining that the Anti–Injunction Act's principal purpose is to preserve the Government's ability to assess and collect taxes expeditiously with "a minimum of preenforcement judicial interference."). Thus, a nontaxpayer third party (such as Plaintiff) may still be subject to the Anti–Injunction Act bar.

■ At first glance, Plaintiff's first two claims do not fit comfortably within the specific language of Section 7421(a)— Plaintiff does not look to "restrain" the "assessment or collection" of any tax. Nor does Plaintiff challenge the existence or validity of Defendant Chessman's underlying tax obligations. Rather, Plaintiff seeks only to protect Trust property from an (allegedly erroneous) IRS encumbrance intended to satisfy Defendant Chessman's outstanding tax debts. *See Coson,* 286 F.2d at 458–59 (holding that an action to quiet title is not tantamount to an attempt to enjoin collection of taxes in violation of Section 7421); *Shaw v. U.S.,* 331 F.2d 493, 497 (9th Cir.1964) (Anti–Injunction Act does not restrain third persons who claim that their property is being taken to satisfy the tax liability of another); *Harrell v. U.S.,* 13 F.3d 232, 234 (7th Cir.1993) (Posner, J.) (recognizing that the Anti–Injunction Act "bars a suit challenging the collection or assessment of taxes, but not a suit to remove a lien without questioning the

entitlement of the government to collect the taxes in some other way.").

■ On the other hand, assuming Defendant Chessman does have some cognizable interest in the Trust's property, a successful injunction in this case would (at least indirectly) have the effect of restraining the assessment or collection of a tax, in violation of the Anti–Injunction Act. *See Laino v. U.S.,* 633 F.2d 626, 633 n. 8 (2nd Cir.1980) (Friendly, J.) (noting that plaintiffs may not circumvent Section 7421 by coloring a complaint as an action to quiet title under Section 2410, where the plaintiffs clearly sought to attack the validity of the underlying assessment); *Fisher v. U.S.,* 860 F.Supp. 680, 683 (D.Ariz.1994) ("courts have rejected attempts by taxpayers to invoke the waiver of sovereign immunity for the purpose of circumventing the time-honored 'pay first, litigate later' rule, by framing their contest of the Government's tax assessment or collection actions in the guise of a quiet title action.") (quoting *Lonsdale v. U.S.,* 919 F.2d 1440, 1443 (10th Cir.1990)). On balance, given the strong policy favoring the collection of taxes without excessive preenforcement judicial interference, the "pay first, litigate later" purpose of the Anti–Injunction Act, and the existence of two adequate alternate remedies (26 U.S.C. §§ 6326 & 7426(a)(1)), the Court finds that Plaintiff's claims would likely fall within the proscription of the Anti–Injunction Act.

In addition, assuming the Anti–Injunction Act did apply to this case, Plaintiff would be unable to invoke any of the Act's exceptions. Initially, it may be noted that Plaintiff does not claim the protection of any specific, statutory exception listed in Section 7421(a). Rather, the parties focus mainly on whether Plaintiff's claims meet the "judicial exception" of *Enochs v. Williams Packing Navigation Co.,* 370 U.S. 1, 6–8, 82 S.Ct. 1125, 8 L.Ed.2d 292

(1962) (taxpayer must show both: (1) that "under no circumstances could the Government ultimately prevail" on the merits; and (2) that the taxpayer is threatened with irreparable harm and no other adequate legal remedy is available). *See also Church of Scientology of California v. U.S.,* 920 F.2d 1481, 1485 (9th Cir.1990), *cert. denied,* 500 U.S. 952, 111 S.Ct. 2258, 114 L.Ed.2d 711 (1991).

As to the first prong of the *Williams Packing* test, the Court "must determine the possibility of success of the Government's assessment based upon the information available to the court at the time of the filing of the action." *Church of Scientology,* 920 F.2d at 1485–86. "Only if it is then manifest, under the most liberal view of the law and the facts, that the government cannot prove its claim," is this first prong satisfied. *Thrower v. Miller,* 440 F.2d 1186, 1187 (9th Cir.1971). "The burden of showing that the Government's claim is baseless is on the taxpayer." *Church of Scientology,* 920 F.2d at 1486 (citing *Schildcrout v. McKeever,* 580 F.2d 994, 997 (9th Cir.1978)). This is a daunting standard, and one that Plaintiff is unable to satisfy.

▉ Plaintiff's opposition does not analyze why the Government would be manifestly unable to succeed in its underlying case. Rather, Plaintiff's argument addresses an entirely unrelated issue. Plaintiff insists that under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, all that is required is simple, concise, and direct statement of a claim; a plaintiff is not required to allege all the facts supporting its claims. (Opp'n at 3) (citing Fed.R.Civ.P. 8; *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998)). However, this argument misapprehends the difference between the general notice pleading requirements of the Federal Rules, and the heightened pleading requirements for making out a

claim against the United States. "If the government does waive its sovereign immunity, it alone dictates the terms and conditions on which it may be sued. Consequently, depending on the statute at issue, a plaintiff may have to satisfy certain technical pleading requirements ... to invoke properly the United States' waiver of sovereign immunity." *Macklin,* 300 F.3d at 820. For example, 26 U.S.C. § 2410(b) (Quiet Title Act)—on which Plaintiff purports to rely—includes such a heightened pleading requirement.

Plaintiff's complaint, sparse on facts, does little to prove that the Government's underlying case is destined for failure. Plaintiff merely offers that: "the trust property did not belong to Millan Chessman and the Trust is not a vehicle or device used for unlawful tax evasion purposes." (Coml. at ¶ 19.) Similarly, Plaintiff states: "trust property is subject to immediate levy ... by [the IRS] to satisfy an obligation imposed on a person identified as a taxpayer; however, [Plaintiff] is not the person identified as the taxpayer nor does [Plaintiff] have any duty to transfer and deliver any trust property to the person identified as the taxpayer." (*Id.* at ¶ 21.) However, these conclusory allegations—when viewing the facts and law in the most liberal light (as required by *Williams Packing*)—do not convince the Court that the Government has no possibility of success on its underlying claim. *See Church of Scientology,* 920 F.2d at 1487. In other words, Plaintiff has not met its burden under the first *Williams Packing* prong to state a valid exception to the Anti–Injunction Act.

Likewise, Plaintiff fails to meet *Williams Packing's* second prong: irreparable harm and no adequate legal remedy. *See Shannahan v. U.S.,* 47 F.Supp.2d 1128, 1143 (S.D.Cal.1999) (Jones, J.). Plaintiff mentions that failure to grant an

injunction would irreparably injure the Trust's beneficiaries because (assuming the seizure was unlawful), "the Trustee's remedy would be limited to a recovery of the value of the trust property valued at the time of the unlawful taking, and [the Trust] would not be compensated for lost income." (Compl. at ¶ 27.) Nonetheless, "[m]ere allegations of financial hardship are insufficient to support a finding of irreparable harm." *Church of Scientology*, 920 F.2d at 1489 (citing *Bob Jones Univ.*, 416 U.S. at 745, 94 S.Ct. 2038). In addition, "the opportunity to sue for a refund is an adequate remedy at law which bars the granting of an injunction." *Church of Scientology*, 920 F.2d at 1489. Here, as mentioned above, assuming the Government eventually does seize or impose a lien on any Trust property, Plaintiff has the post-seizure remedy of 26 U.S.C. § 7426(a)(1), and the post-lien administrative appeal of 26 U.S.C. § 6326. Put simply, Plaintiff has not shown that an injunction should be granted because of a risk of irreparable injury and the absence of an adequate remedy at law. Plaintiff has thus failed to meet *Williams Packing 's* second prong for an exception to the Anti–Injunction Act.

■ Under the circumstances, even were the Court to assume subject matter jurisdiction exists as to either of Plaintiff's first two claims, the Anti–Injunction Act operates as a bar to these claims. Moreover, Plaintiff is unable to meet the "judicial exception" of *Williams Packing*. For all these reasons, Plaintiff's first two claims must be dismissed for want of subject matter jurisdiction.

### C. *Claim Three: Declaratory Relief*

In Plaintiff's third claim, she seeks: "A declaration from the Court that [Plaintiff] is vested with all right, title and interest in the trust property and [Defendants] may not assert any right, title or interest in the trust property, nor may they impair the interest of the beneficiaries of the trust for the purpose of enforcing a tax obligation purportedly owed by [Defendant Chessman] or the Rainbow Nutrition Trust." (Compl., at 6, ¶ 4.) In addition, she requests: "A determination that [Plaintiff] is the owner in fee simple absolute to [Lot 240]." (*Id.* at ¶ 5.) As with her other claims against the United States, Plaintiff fails to indicate a specific statutory ground for this Court's exercise of subject matter jurisdiction; nor does she name a specific waiver of sovereign immunity applicable to this claim.

■ Essentially, Plaintiff's third claim seeks a judicial declaration of the parties' respective rights—a suit normally cognizable under the Declaratory Judgment Act, 28 U.S.C. § 2201. However, as pointed out by the Government, the Declaratory Judgment Act specifically excludes cases "with respect to Federal taxes . . . ." Section 2201(a). This case, of course, is all about taxes. In fact, Plaintiff evidently does not dispute that this cause of action falls squarely within Section 2201(a)'s prohibition on declaratory relief "with respect to Federal taxes." Plaintiff's opposition to the Government's motion does not discuss this third claim. Consequently, Plaintiff's prayer for declaratory relief must be dismissed pursuant to Rule 12(b)(1).

### D. *Remaining Claims*

This Order dismisses all three claims against Defendant Everson in his official capacity, and all three claims against the United States. Accordingly, all that remains are Plaintiff's first two claims against Defendants Chessman and Kyle (Plaintiff did not name these two individual defendants in her third claim). Defendants Chessman and Kyle have yet to make their first appearance in this matter. However, there is no independent basis of

 

federal subject matter jurisdiction alleged against these two individuals. There is no "federal question" under Section 1331; nor does there appear to be complete diversity of citizenship or the requisite amount in controversy, under Section 1332. Accordingly, Plaintiff's remaining claims against Defendants Chessman and Kyle are dismissed for want of subject matter jurisdiction, pursuant to Rule 12(b)(1).

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint alleges three causes of action. Her first two claims seek injunctive relief against Defendants Chessman, Kyle, Everson (in his official capacity as Commissioner of the IRS), and the United States. Plaintiff's third claim seeks declaratory relief against Defendants Everson and the United States. The Government moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), for lack of jurisdiction over the subject matter.

All three claims against Defendant Everson in his official capacity must be dismissed, because a plaintiff may only raise such claims against the United States. Further, all three of Plaintiff's claims against the United States must be dismissed, because Plaintiff has failed to indicate a specific basis of federal subject matter jurisdiction, or a specific waiver of the United States' sovereign immunity. In addition, the first two claims are barred by the Anti–Injunction Act; the third claim is barred by the Declaratory Judgment Act. As to the remaining two claims against Defendants Chessman and Kyle, there is no independent basis of subject matter jurisdiction alleged for either claim against these two individuals.

For these reasons, the Government's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) [Doc. 9] is **GRANTED** in its entirety. This action is hereby **DISMISSED** with prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**